**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re:** | **Chapter 11** |
| **SOUTH HILLS OPERATIONS, LLC,** | **Case No. 24-21217-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-4375527** | |
| **In Re:** | **Chapter 11** |
| **MONROEVILLE OPERATIONS, LLC,** | **Case No. 24-21222-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-4323280** | |
| **In Re:** | **Chapter 11** |
| **MT. LEBANON OPERATIONS, LLC,** | **Case No. 24-21225-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-4341133** | |
| **In Re:** | **Chapter 11** |
| **MURRYSVILLE OPERATIONS, LLC,** | **Case No. 24-21230-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-4359149** | |

| | |
|---|---|
| **In Re:**<br><br>**CHESWICK REHABILITATION AND WELLNESS CENTER, LLC,**<br><br>Debtor.<br><br>**Federal EIN: 82-2209561** | **Chapter 11**<br><br>**Case No. 24-21232-CMB** |
| **In Re:**<br><br>**3876 SAXONBURG BOULEVARD PROPCO, LLC**<br><br>Debtor.<br><br>**Federal EIN: 82-2233618** | **Chapter 11**<br><br>**Case No.  24-21226-CMB** |
| **In Re:**<br><br>**NORTH STRABANE REHABILITATION AND WELLNESS CENTER, LLC,**<br><br>Debtor.<br><br>**Federal EIN: 82-2191677** | **Chapter 11**<br><br>**Case No. 24-21235-CMB** |
| **In Re:**<br><br>**100 TANDEM VILLAGE ROAD PROPCO, LLC,**<br><br>Debtor.<br><br>**Federal EIN: 82-2221918** | **Chapter 11**<br><br>**Case No. 24-21220-CMB** |
| **In Re:**<br><br>**MAYBROOK-C BRIARCLIFF OPCO, LLC,**<br><br>Debtor.<br><br>**Federal EIN: 81-0905187** | **Chapter 11**<br><br>**Case No. 24-21218-CMB** |

2

| | |
|---|---|
| **In Re:** | **Chapter 11** |
| **MAYBROOK-C BRIARCLIFF PROPCO, LLC,** | **Case No. 24-21219-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-1501823** | |
| **In Re:** | **Chapter 11** |
| **MAYBROOK-C EVERGREEN OPCO, LLC,** | **Case No. 24-21221-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-0905388** | |
| **In Re:** | **Chapter 11** |
| **MAYBROOK-C EVERGREEN PROPCO, LLC,** | **Case No. 24-21223-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-1502000** | |
| **In Re:** | **Chapter 11** |
| **MAYBROOK-C KADE OPCO, LLC,** | **Case No. 24-21227-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-0974033** | |
| **In Re:** | **Chapter 11** |
| **MAYBROOK-C KADE PROPCO, LLC,** | **Case No. 24-21229-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-1502097** | |

| | |
|---|---|
| **In Re:** | **Chapter 11** |
| **MAYBROOK-C LATROBE OPCO, LLC,** | **Case No. 24-21224-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-0974148** | |
| **In Re:** | **Chapter 11** |
| **MAYBROOK-C LATROBE PROPCO, LLC,** | **Case No. 24-21228-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-1502178** | |
| **In Re:** | **Chapter 11** |
| **MAYBROOK-C OVERLOOK OPCO, LLC,** | **Case No. 24-21234-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-1087081** | |
| **In Re:** | **Chapter 11** |
| **MAYBROOK-C OVERLOOK PROPCO, LLC,** | **Case No. 24-21236-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-1486804** | |
| **In Re:** | **Chapter 11** |
| **MAYBROOK-C SILVER OAKS OPCO, LLC,** | **Case No. 24-21237-CMB** |
| **Debtor.** | |
| **Federal EIN: 81-1087146** | |

4

| | |
|---|---|
| **In Re:**<br><br>**MAYBROOK-C SILVER OAKS PROPCO, LLC,**<br><br>Debtor.<br><br>**Federal EIN: 81-1459654** | **Chapter 11**<br><br>**Case No. 24-21238-CMB** |
| **In Re:**<br><br>**MAYBROOK-C WHITECLIFF OPCO, LLC,**<br><br>Debtor.<br><br>**Federal EIN: 81-1096211** | **Chapter 11**<br><br>**Case No. 24-10271-CMB** |
| **In Re:**<br><br>**MAYBROOK-C WHITECLIFF PROPCO, LLC,**<br><br>Debtor.<br><br>**Federal EIN: 81-1434835** | **Chapter 11**<br><br>**Case No. 24-10272-CMB** |
| **SOUTH HILLS OPERATIONS, LLC,** *et al.,*<br><br>**Movants,**<br><br>v.<br><br>**NO RESPONDENTS.** | **Doc. No.:**<br>**Related to Doc. No.:**<br><br>**Hearing Date:**<br><br>**Hearing Time:** |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (the "Debtors") respectfully

move (the "Motion") as follows:

5

## RELIEF REQUESTED

1.       The Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A**, directing joint administration of these cases for procedural purposes only.

2.       The Debtors also request that (a) the Court maintain one file and one docket for the jointly-administered Chapter 11 Cases under the case number assigned to South Hills Operations, LLC, and (b) these Chapter 11 Cases be administered under a consolidated caption, substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re:** | **Case No.: 24-21217-CMB** |
| **SOUTH HILLS OPERATIONS, LLC, *et al.,[1]*** | **Chapter 11** <br> *Joint Administration Requested* |
| **Debtors.** | **Doc. No.:** |
| **[MOVANT(S)],** | **Related to Document No.:** |
| **Movants,** | **Hearing Date:** |
| **-vs -** | **Hearing Time:** |
| **[RESPONDENT(S)],** | **Response Deadline:** |
| **Respondents.** | |

[1]The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook-C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835). The Debtors' address is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

6

3.      The Debtors request that the Court find that the proposed caption satisfies the requirements of section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

4.      The Debtors also request that an entry be made on the docket of each of the Debtors' cases, other than the case of South Hills Operations, LLC, to reflect the joint administration of these cases, substantially similar to the following:

> An Order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1002-6 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of Pennsylvania directing joint administration of the Chapter 11 Cases of the following entities: South Hills Operations, LLC; Monroeville Operations, LLC; Mt. Lebanon Operations, LLC; Murrysville Operations, LLC; Cheswick Rehabilitation and Wellness Center, LLC; 3876 Saxonburg Boulevard Propco, LLC; North Strabane Rehabilitation and Wellness Center, LLC; 100 Tandem Village Road Propco, LLC; Maybrook-C Briarcliff Opco, LLC; Maybrook-C Briarcliff Propco, LLC; Maybrook-C Evergreen Opco, LLC; Maybrook-C Evergreen Propco, LLC; Maybrook-C Kade Opco, LLC; Maybrook-C Kade Propco, LLC; Maybrook-C Latrobe Opco, LLC; Maybrook-C Latrobe Propco, LLC; Maybrook-C Overlook Opco, LLC; Maybrook-C Overlook Propco, LLC; Maybrook-C Silver Oaks Opco, LLC; Maybrook-C Silver Oaks Propco, LLC; Maybrook-C Whitecliff Opco, LLC; Maybrook-C Whitecliff Propco, LLC. The docket in the chapter 11 case of South Hills Operations, LLC, Case No. 24-21217-CMB, should be consulted for all matters affecting the Chapter 11 Cases of any foregoing entities.

5.      Further, the Debtors request that the Court authorize them to utilize a combined service list for the jointly-administered Chapter 11 Cases and that combined notices may be sent to the Debtors' creditors where appropriate.

7

## JURISDICTION

6.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C §§ 1408 and 1409.

7.      The statutory predicate for relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, as supplemented by rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and W.PA.LBR 1002-6(e)(3).

## BACKGROUND

8.      On the date hereof (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors are operating their businesses as debtors in possession pursuant to section 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed in these cases.

9.      The Debtors operate thirteen (13) skilled nursing facilities in Pennsylvania. While all the Debtors do not have identical ownership, there is substantial common ownership among the various Debtor entities, and they are affiliates of one another. Also, each of the Debtors operating one of the thirteen facilities is a defendant in the DOL Action (as defined in the First Day Declaration).  In that action, the Court has already found that all of the defendants in the DOL Action are a "common employer" and, as such, each of the thirteen Debtors that are defendants in that action will be jointly and severally liable for any judgment entered in the DOL Action. Because the Debtors are affiliates and because thirteen of the Debtors are defendants in the DOL action, joint administration of these Chapter 11 Cases is appropriate.

10.      Additional detail regarding the Debtors, their business, the events leading to commencement of these cases, and the facts and circumstances supporting the relief requested

herein is set forth in the *Declaration of Louis E. Robichaux IV, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and Various First Day Applications and Motions* (the "First Day Declaration"[1]), filed concurrently herewith and incorporated herein by reference.

## BASIS FOR RELIEF

11.     Under Bankruptcy Rule 1015(b), if "two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  Because the Bankruptcy Code was drafted in 1978, at a time when limited liability companies were rare, the Bankruptcy Code does not specifically address what entities constitute their affiliates.  The Debtors submit that limited liability companies are generally included in the definition of "corporation" found in section 101(9) of the Bankruptcy Code.  *See In re QDN, LLV*, 363 Fed. Appx. 873, 876 n.4 (3d Cir. 2010) (limited liability companies meet the definition of "corporation set forth in 11 U.S.C. § 101(9)(A)(iv) because "they are sufficiently similar to a corporation and limit responsibility for the debts to the capital subscribed); Gilliam *v. Speier*, 318 B.R 712, 717 (9th Cir. BAP 20024) ("[A]n LLC, by virtue of its structure and limited liability features, fits comfortably with the Bankruptcy Code's definition of 'corporation'….' "); Fed. R. Bankr. P. 7007.1 advisory committee's note ("[L]imited liability company and similar entities … fall under the definition of a corporation in Bankruptcy Code § 101,").

12.     The use of the word "includes" in the Bankruptcy Code's definition of "corporation" makes clear that the term corporation is not limited to the specifically listed entities, and modern limited liability companies operate in much the same manner as do corporations. Further, the definition of "corporation" expressly includes "unincorporated compan[ies]" and

---

[1] All capitalized terms in this Motion that are not defined herein shall have the meaning set forth in the First Day Declaration.

9

"associations." 11 U.S.C. § 101(9)(A)(iv). Limited liability companies are unincorporated companies and thus fit squarely within the parameters set forth in the Bankruptcy Code's definition of "corporations." As such, the Debtors in these cases are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code, as each Debtor has common owners that directly or indirectly own, control, or hold with power to vote, 20 percent or more of the outstanding voting securities of each debtor. Accordingly, this Court is authorized to grant the relief requested herein under Bankruptcy Rule 1015(b) because the Debtors are affiliates.

13.    As set forth in the First Day Declaration, entry of an order directing joint administration of the Debtors' Chapter 11 Cases will avoid duplicative notices, applications and orders, thereby saving the Debtors and parties in interest considerable time and expense, as well as ease the administrative burden on the Court and the parties. The rights of creditors will not be adversely affected because this Motion requests only administrative consolidation of the Chapter11 Cases. By aggregating all papers related to the Debtors under the same case caption and docket, creditors and parties in interest will be able to access and review relevant information concerning the Debtors in one place and will thereby be better able to keep apprised of the matters before this Court.

14.    Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate and in the best interests of their estates and creditors and should be granted.

### NOTICE

15.    Notice of this Motion has been provided by email, facsimile or overnight mail to: (i) the Office of the United States Trustee for the Western District of Pennsylvania, Federal Building, 1000 Liberty Avenue, Suite 1316, Pittsburgh, PA 15222; (ii) counsel to CIBC Bank, U.S.A., Liz Boydston, Max Schlan, and Alexandria Rahn, Gutnicki, LLP, 10440 N. Central

Expressway, Suite 800, Dallas, TX 75231; lboydston@gutnicki.com; mschlan@gutnicki.com; arahn@gutnicki.com; (iii) counsel to Cuarzo Healthcare, LLC, Elizabeth A. Green and Andrew Layden, BakerHostetler, 200 South Orange Avenue, Suite 2300, Orlando, FL 32801; egreen@bakerlaw.com; alayden@bakerlaw.com; (iv) lien *lis pendens* parties (a) Harmony Property Management LLC; (b) Irwin Property Management LLC; (c) New Castle Property Management LLC; (d) New Wilmington Property Management LLC; (e) Latrobe Property Management LLC; and, (f) Washington Property Management LLC in care of Michael A. Shiner, Esq., and Maribeth Thomas, Esq., Tucker Arensberg, PC, 1500 One PPG Place, Pittsburgh, PA 15222; mshier@tuckerlaw.com; mthomas@tuckerlaw.com; (v) U.S. Foods, 9399 West Higgins Road, Rosemont, IL 60018; (vi) Department of Human Services, Office of Long-Term Living, Bureau of Finance, Forum Place 6th Floor, 555 Walnut Street, Harrisburg, PA 17101; (vii) CT Corporation, 330 N. Brand Blvd., Suite 700, Attn: SPRS, Glendale, CA 91203; (viii) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (ix) the list of the 30 largest unsecured creditors of the Debtors on a consolidated basis; (x) U.S. Department of Labor, Office of the Regional Solicitor, 1835 Market Street, Mailstop SOL/22, Philadelphia, PA 19103-2968, Attn: Alejandro A. Herrera, Esq. Herrera.alejandro.a@dol.gov; facsimile (215) 861-5162, and (xi) the following governmental agencies having a regulatory or statutory interest in these Chapter 11 Cases: (a) Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346; (b) United States Attorney's Office for the Western District of Pennsylvania, Attn: Eric G. Olshan, Joseph F. Weis, Jr. United States Courthouse 700 Grant Street, Suite 4000, Pittsburgh, PA 15219; and (c) Commonwealth of Pennsylvania Attorney General, Attn: Michelle A. Henry, 16th Floor, Strawberry Square, Harrisburg, PA 17120.  Based on the urgency of the circumstances surrounding this Motion and

the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Respectfully submitted,

Dated: May 17, 2024
Pittsburgh, Pennsylvania

**WHITEFORD TAYLOR & PRESTON, LLP**

*/s/ Daniel R. Schimizzi*
Daniel R. Schimizzi (PA ID No. 311869)
Michael J. Roeschenthaler (PA ID No. 87647)
Mark A. Lindsay (PA ID No. 89487)
Sarah E. Wenrich (PA ID No. 325834)
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222
Telephone: 412-275-2401
Facsimile:  412-275-2404
Email: dschimizzi@whitefordlaw.com
mroeschenthaler@whitefordlaw.com
mlindsay@whitefordlaw.com
swenrich@whitefordlaw.com

*Proposed Local Counsel to the Debtors and Debtors in Possession*

*-AND-*

Glenn B. Rose (*pro hac vice* pending)
Paul G. Jennings (*pro hac vice* pending)
Gene L. Humphreys (*pro hac vice* pending)
Jordan E. Thomas (*pro hac vice* pending)
Alfonso Cuen (*pro hac vice* pending)
**BASS, BERRY & SIMS PLC**
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
grose@bassberry.com
pjennings@bassberry.com
ghumphreys@bassberry.com
jordan.thomas@bassberry.com
alfonso.cuen@bassberry.com

*Proposed Counsel to the Debtors and
Debtors in Possession*