# EXHIBIT B

## Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re:** | **Case No.: 24-21217-CMB** |
| **SOUTH HILLS OPERATIONS, LLC, *et al.*,[1]** | **Chapter 11** *Joint Administration Requested* |
| **Debtors.** | **Doc. No.:** |
| **SOUTH HILLS OPERATIONS, LLC, *et al.*,** | **Related to Document No.:** |
| **Movant,** | **Hearing Date:** |
| **-vs -** | **Hearing Time:** |
| **NO RESPONDENTS.** | **Response Deadline:** |

**FINAL ORDER PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE:
(A) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, THE
DEBTORS ON ACCOUNT OF PREPETITION INVOICES;
(B) DETERMINING THAT THE UTILITIES ARE ADEQUATELY ASSURED FOR
FUTURE PAYMENT; AND (C) ESTABLISHING PROCEDURES FOR
<u>DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE</u>**

---

[1]The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook-C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835). The Debtors' address is 485 Lexington Avenue, 10th Floor, New York, NY 10017

Upon the expedited Motion[2] of the Debtors for entry of an order on an expedited basis (i) approving the Debtors' proposed Adequate Assurance of payment for future utility services and determining that their proposed Adequate Assurance provides Utility Providers with adequate assurance of payment under section 366 of the Bankruptcy Code, (ii) prohibiting Utility Providers from altering, refusing, or discontinuing services to, or discriminating against, the Debtors, (iii) approving the Debtors' proposed procedures for resolving additional adequate assurance requests, (iv) scheduling a Final Hearing on the Motion, and (v) seeking related relief; and the Court finding that: (i) the Court has jurisdiction over the Debtors, their estate, property of the estate, and this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) the Court may enter a final order consistent with Article III of the United States Constitution; (iii) this is a core proceeding under 28 U.S.C. § 157(b); (iv) venue of this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion and the hearing thereon was sufficient under the circumstances; (vi) the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and (vii) the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** that:

1.      The Motion is **GRANTED** on a final basis as set forth in this Final Order.

2.      The Debtors shall have deposited the Adequate Assurance Deposit in the Adequate Assurance Account within fifteen (15) days after entry of the Interim Order.

---

[2] Unless otherwise defined, capitalized terms shall have the meanings ascribed to them in the Motion.

3.　　Subject to the Adequate Assurance Procedures set forth below and the Utility Providers' rights to seek modification of the Adequate Assurance Deposit under 11 U.S.C. § 366(c)(3), the Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

4.　　Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility List attached to the Motion as **Exhibit C**, and as may be amended or modified in accordance with this Order.

5.　　If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to: (a) proposed counsel to the Debtors, Bass, Berry & Sims PLC, 150 Third Ave. South, Suite 2800, Nashville, Tennessee 37201, Attn: Glenn B. Rose (grose@bassberry.com); (b) proposed local counsel to the Debtors, Whiteford, Taylor & Preston, L.L.P., 11 Stanwix St., Suite 1400, Pittsburgh, PA 1522, Attn: Daniel R. Schimizzi (dschimizzi@wtplaw.com); (c) the U.S. Trustee for the Western District of Pennsylvania, Liberty Center, Suite 970, 1001 Liberty Avenue, Pittsburgh, PA 15222; and (d) counsel to any statutory committee appointed in these Chapter 11 Cases (collectively, the "Notice Parties"). The Debtors shall honor such request within five (5) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the

extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the

Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

6.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider

shall be returned to the Debtors after reconciliation and payment by the Debtors of the Utility

Provider's final invoice for services rendered during these Chapter 11 Cases in accordance with

applicable nonbankruptcy law.

7.      The following "Adequate Assurance Procedures" are hereby approved:

(a)     Any Utility Provider desiring assurance of future payment of utility services
in excess of the Proposed Adequate Assurance must serve a request (an
"Additional Assurance Request") on the Notice Parties. An Additional
Assurance Request may be made at any time.

(b)     Any Additional Assurance Request must (i) be made in writing; (ii) set forth
the location(s) for which utility services are provided and the relevant
account number(s); (iii) describe any deposits, prepayments or other
security currently held by the requesting Utility Provider; and (iv) explain
why the requesting Utility Provider believes the proposed Adequate
Assurance Deposit is not adequate assurance of future payment.

(c)     Upon receipt of an Additional Assurance Request at the address set forth
above, the Debtors shall promptly negotiate with such Utility Provider to
resolve such Utility Provider's Additional Assurance Request.

(d)     The Debtors, in their discretion, may resolve any Additional Assurance
Request by mutual agreement with the requesting Utility Provider and
without further order of the Court, and may, in connection with any such
resolution, in their discretion, provide the requesting Utility Provider with
additional adequate assurance of future payment in a form satisfactory to
the Utility Provider, including, but not limited to, cash deposits,
prepayments and/or other forms of security, if the Debtors believe such
additional assurance is reasonable; *provided, however,* that the Debtors
shall maintain a summary record of such agreements and their respective
terms, and such summary record and agreements themselves shall be
available to any official committee appointed in these Chapter 11 Cases and
the U.S. Trustee, upon request.

(e)     If the Debtors and the Utility Provider are not able to reach an alternative
resolution within 14 days of receipt of the Additional Assurance Request,
the Debtors will request a hearing before the Court to determine the
adequacy of assurances of payment with respect to a particular Utility

4

Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code. Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance).

8.      Unless a Utility Provider seeks and obtains a Court order modifying the amount of the Adequate Assurance Deposit under 11 U.S.C. § 366(c)(3), the Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

9.      Unless and until a Utility Provider files an objection, serves an Additional Assurance Request, or seeks and obtains a Court order modifying the amount of the Adequate Assurance Deposit under 11 U.S.C. § 366(c)(3), such Utility Provider shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code; and (b) forbidden from (i) discontinuing, altering, or refusing services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, the commencement of these Chapter 11 Cases, or any perceived inadequacy of the Proposed Adequate Assurance, and (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

10.      The Debtors are authorized, following the giving of two weeks' notice to the affected Utility Provider and the Notice Parties, and the Debtors having received no objection from any such Utility Provider or any Notice Party, to add or remove any Utility Provider from the Utility Services List. With respect to an addition to the Utility Service List, the Debtors shall allocate an amount equal to approximately one-half of the Debtors' average monthly cost over the last 12 months to the Adequate Assurance Deposit for each subsequently added Utility Provider as soon as practicable. If an objection is received, the Debtors shall request a hearing before this Court at the

5

next omnibus hearing date, or such other date that the Debtors and the Utility Provider may agree. The Debtors shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Provider that the Debtors seek to terminate or delete from the Utility Service List unless and until the two-week notice period has passed and the Debtors have not received any objection to termination or deletion of such Utility Provider from the Utility Service List, or until any such objection has been resolved consensually or by order of this Court. For Utility Providers that are added to the Utility Service List, the Debtors will cause of copy of this Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Provider and the Notice Parties. Absent further Court order, any Utility Provider subsequently added to the Utility Service List shall be bound by the Adequate Assurance Procedures.

11.    Subject to the requirements for adding a Utility Provider to the Utility Services List detailed in paragraph 10 of this Final Order, the Adequate Protection Procedures set forth herein are for all Utility Providers providing Utility Services to the Debtors and are not limited to those parties or entities listed on the Utility Services List.

12.    Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as

to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estate; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

13.     Notwithstanding anything to the contrary in the Motion, the Debtors may not consider any prepetition security deposit held by a Utility Company when determining the amount of Adequate Assurance Deposit to be made on behalf of such Utility Company. Additionally, the rights of Utility Companies with respect to prepetition security deposits under 11 U.S.C. § 366(c)(4) are not impaired or otherwise affected by this Order.

14.     No Utility Provider may (a) alter, refuse, terminate, or discontinue utility services to, and/or discriminate against, the Debtors based on the commencement of these Chapter 11 Cases or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to the Utility Provider providing the Debtors continued utility services.

15.     Nothing in this Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether such entity is listed on the Utility Service List or is served with a copy of this Order, the Motion or the proposed Final Order.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

18.     The Debtors are authorized and empowered to take all reasonable actions necessary to implement the relief granted in this Order.

19.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

20.     Counsel for the Debtors shall serve or cause to be served a copy of this Final Order on the proposed master service list and file a certificate of service within three business days of entry of this Final Order. Notice of the Final Order by ECF or e-mail shall constitute good and sufficient notice of the Final Order.

Prepared by: /s/ Daniel R. Schimizzi
Daniel R. Schimizzi, Proposed Local Counsel for the Debtors

BY THE COURT:


Date:_____, 2024
Pittsburgh, PA                          _____
                                        Hon. Carlota M. Bohm
                                        United States Bankruptcy Court

8