## Exhibit A

Proposed Interim Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In Re:** | **Case No.: 24-21217-CMB** |
| **SOUTH HILLS OPERATIONS, LLC, *et al.*,[1]** | **Chapter 11** <br> ***Joint Administration Requested*** |
| **Debtors.** | **Doc. No.:** |
| **SOUTH HILLS OPERATIONS, LLC, *et al.*,** | **Related to Document No.:** |
| **Movant,** | **Hearing Date:** |
| **-vs -** | **Hearing Time:** |
| **NO RESPONDENTS.** | **Response Deadline:** |

**INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO (I) MAINTAIN THEIR EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM AND PAY BANK FEES, (II) WAIVE CERTAIN U.S. TRUSTEE REQUIREMENTS, AND (III) CONTINUE USING EXISTING CHECKS AND BUSINESS FORMS, (B) AUTHORIZING AND DIRECTING THE DEBTORS' BANK TO HONOR ALL EMPLOYEE RELATED PAYMENT REQUESTS, AND <u>(C) GRANTING RELATED RELIEF</u>**

---

[1]The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook-C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835). The Debtors' address is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

Upon the Motion[2] filed by the above-captioned debtors and debtors in possession (the "Debtor") for entry of an interim order (the "Order") (a) authorizing the Debtors to (i) maintain their existing bank accounts and cash management system, including authorizing the Debtors to continue to pay in the ordinary course of their business amounts owed to non-debtor affiliates and any undisputed prepetition bank fees and any postpetition bank fees in the ordinary course of business and consistent with past practices, (ii) waive certain requirements of the U.S. Trustee Guidelines, and (iii) maintain existing business forms in the ordinary course of business; (b) authorizing and directing the Banks to honor all employee related payment requests; and (c) granting related relief, all as more fully set forth in the Motion and in the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Western District of Pennsylvania*, dated October 16, 1984; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the First Day Declaration; and the Court having found that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their bankruptcy estate, as contemplated by Bankruptcy Rule 6003; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their estate, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or

---

[2]Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is **HEREBY ORDERED** that:

1. The Motion is **GRANTED** as set forth herein.

2. Any objections to the Motion not resolved or otherwise withdrawn are **OVERRULED**.

3. The Debtors are authorized, on an interim basis to: (a) continue to use, in the same name and with the same account numbers, the Bank Accounts in existence as of the Petition Date, identified on **Exhibit C** to the Motion, and to maintain their existing Cash Management System, substantially as described in the Motion and as identified on **Exhibit D** thereto, without the need to comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Guidelines, in the ordinary course of business and consistent with past practice; (b) treat their Bank Accounts for all purposes as debtor-in-possession accounts; (c) to the extent of available funds, collect, concentrate, deposit funds in, and withdraw and disburse funds from the Bank Accounts in the ordinary course of Debtors' business in accordance with the Cash Management System by all usual means, including, but not limited to, checks, wire transfers, ACH transfers and debits, electronic funds transfers, and other debits; (d) use all pre-printed correspondence and Business Forms (including checks and letterhead) without reference to the Debtors' status as debtors in possession; (e) continue to make the transfers between debtors and to non-debtor affiliates described in the Motion in the ordinary course of business in payment of amounts due for post-petition periods; and (f) pay the Bank Fees up to $30,000, irrespective of whether such fees arose prior to the

Petition Date, and to otherwise perform their obligations under the documents governing the Bank Accounts.

4.     The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

5.     As of the date hereof, the U.S. Trustee has agreed to granting CIBC a 45-day waiver from the requirements of section 345(b) of the Bankruptcy Code, and the Debtors are authorized to maintain their Bank Accounts at CIBC during this period..

6.     The Banks are authorized and directed to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, but solely to the extent those payments relate to employee obligations approved by separate order of the Court.  For the avoidance of doubt, the Banks are authorized to continue to maintain, service, and administer the applicable Resident Trust Accounts without interruption in the ordinary course of business.

7.     Subject to applicable bankruptcy or other law, any existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Bank, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

8.     The Debtors and the Banks may, without further order of the Court, agree to and implement changes to the Cash Management System and procedures related thereto in the ordinary

4

course of business pursuant to the terms of any existing deposit agreements, including, without limitation, the closing of Bank Accounts or the opening of new bank accounts, and enter into any ancillary agreement, including deposit account control agreements, associated with the foregoing; *provided*, that the Debtors shall give notice within 14 days to the U.S. Trustee, counsel for the DIP Agent and the Prepetition Agent under the Prepetition Credit Facility, and any statutory committee appointed in this chapter 11 case of the opening of any new bank account or closing of any Bank Account or entry into any ancillary agreement.

9.      The relief granted in this Interim Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Bank.  Any new bank accounts opened shall be at banks that have signed a Uniform Depository Agreement ("UDA") with the U.S. Trustee for the Western District of Pennsylvania or at banks that are willing to immediately sign a UDA. Debtors shall give the U.S. Trustee 15 days' notice of closing or opening a bank account.

10.      The Banks are authorized to receive, process, honor, and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to, the obligations that the Debtors are authorized to pay pursuant to this Interim Order related to employee obligations approved by separate order, regardless of whether the checks were presented or fund transfer requests were submitted before or after the Petition Date, provided that sufficient funds are available in the Debtors' accounts to cover the checks and fund transfers. The Banks and other financial institutions may rely on the representations of the Debtors with respect to whether any check, item or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such bank or financial

institution shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

11.    The Debtor will instruct the Banks as to which checks, drafts, wire transfers (excluding any wire transfers that the Banks are obligated to settle), or other items presented, issued, or drawn, shall not be honored. Except for those checks, drafts, wires, or other ACH transfers that are authorized or required to be honored under an order of the Court, the Debtors shall not instruct nor request the Banks to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Bank for payment after the Petition Date.

12.    In the course of providing cash management services to the Debtors, the Banks are authorized, without further order of this Court, to deduct all applicable fees and expenses (including Bank Fees), whether arising prepetition or postpetition, from the appropriate Bank Accounts of the Debtors consistent with historical practice, and further, to charge back to the appropriate Bank Accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from wire transfers, ACH transactions, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

13.    The Banks are authorized to debit the appropriate Debtors' accounts in the ordinary course and without further order of this Court on account of (a) all checks drawn on the Debtors' accounts that have been cashed at such Bank's counters or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date and all ACH transactions, wire and other transfers that may have been initiated but not cleared on or before the Petition Date; (b) all checks

or other items deposited in one of the Debtors' accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent each Debtor was responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to the Bank as to service charges for the maintenance of the Cash Management System.

14.    Subject to the terms set forth herein, any bank, including the Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by any of the Debtors prior to, on, or after the Petition Date should be honored pursuant to any order of this Court, to the extent of available funds, whether or not the Banks believe the payment is authorized by an order of this Court. No bank shall be liable to the Debtors or their estate for honoring or dishonoring a prepetition or postpetition check or other item drawn on any of the Bank Accounts as a result of this Interim Order, at the direction of the Debtors.

15.    Any and all banks, including the Banks, are further authorized to (a) honor the Debtors' directions with respect to the opening and closing of any Bank Account and (b) accept and hold the Debtors' funds in accordance with the Debtors' instructions; *provided* that the Bank shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

16.    Nothing contained herein shall prevent the Banks from modifying or terminating any Bank Accounts or related services in accordance with the agreements governing such Bank Accounts or services unless otherwise required by applicable law, rule, or regulation.

17.    Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of the Debtors that did not

7

exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor or any person or entity, that existed as of the Petition Date.

18. The Debtors are authorized to issue postpetition checks, or to give effect to postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with any Bank Fees.

19. A copy of this Order will be served on Debtors' banks identified in **Exhibit C**.

20. Regarding any UDA banks that the Debtors use, the Debtors must immediately (a) contact each UDA Bank, (b) provide the UDA bank with each of the Debtors' employer identification numbers and (c) identify each of their bank accounts held at such UDA bank as being held by a debtor in possession in a bankruptcy case and provide the case number.

21. Debtors shall maintain a system to properly ascertain, record and trace all pre-petition and post-petition transactions, including intercompany transactions.

22. Debtors shall not make any intercompany loans to non-debtor entities absent further order of this Court.

23. Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on disbursements of each Debtor, regardless of which entity pays those disbursements.

24. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

25. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in the Motion or this Interim Order shall be deemed: (a) an implication or admission as to the validity or priority of any claim against any of the Debtors, (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim or lien,

(c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estate; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

26.    Neither the Banks nor any other financial institution may exercise setoff rights against monies of the Debtors in accounts maintained with such depositories, except as expressly authorized by this Order and except in accordance with section 553 of the Bankruptcy Code.

27.    The requirements of Bankruptcy Rule 6004(a) are waived.

28.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

29.    A final hearing to consider the relief requested in the Motion shall be held on _____, 2024, at _____ (prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to,_____2024, at 4:00 pm (prevailing Eastern Time).

9

30.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Prepared by: */s/ Daniel R. Schimizzi*
Daniel R. Schimizzi, Proposed Local Counsel to the Debtors

BY THE COURT:

Date:   _____, 2024    _____
        Pittsburgh, PA                    Hon. Carlota M. Bohm
                                          United States Bankruptcy Court

10