**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | Case No.: 24-21217 |
| **SOUTH HILLS OPERATIONS, LLC, *et al.,*[1]** | **Chapter 11** <br> *Joint Administration Requested* |
| Debtors. | Doc. No.: |
| **SOUTH HILLS OPERATIONS, LLC, *et al.,*** | **Related to Document No.:** |
| **Movant,** | **Hearing Date:** |
| -vs - | **Hearing Time:** |
| **NO RESPONDENTS.** | **Response Deadline:** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER: (I) EXTENDING THE TIME TO
FILE SCHEDULES, STATEMENTS, AND CREDITOR LISTS AND MATRICES;
(II) AUTHORIZING CONSOLIDATED CREDITOR LISTS AND MATRIX;
(III) AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN THE
CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY PRIVACY
RULES AND ESTABLISHING PATIENT NOTICE PROCEDURES; AND
(IV) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF
<u>COMMENCEMENT OF THESE CHAPTER 11 CASES</u>**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook-C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835). The Debtors' address is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

South Hills Operations, LLC, and its debtor affiliates, as debtors and debtors in possession (the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, respectfully move (the "Motion") as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 521 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*., as amended, (the "Bankruptcy Code"), Rules 1007, 2002, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and W. PA. LBR 1002-6(e)(4), 1007-1, and 9013-1.

## BACKGROUND

3.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in the Chapter 11 Cases, and no statutory committees have been appointed or designated.

4.      A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' filing of voluntary petitions for relief filed under chapter 11 of the Bankruptcy Code are set forth in greater detail in the *Declaration of Louis E. Robichaux IV, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and Various First Day Applications and Motions* (the "First Day Declaration"), filed

contemporaneously herewith.  This Motion incorporates by reference the facts set forth in the First Day Declaration as if fully set forth herein.

## RELIEF REQUESTED

5.      The Debtors seek entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"): (i) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by an additional thirty (30) days, for a total of 44 days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions; (ii) extending the deadline by which the Debtors must file their creditor lists and matrices (the "Creditor Matrix") by two (2) business days from the Petition Date; (iii) authorizing the Debtors to file a consolidated Creditor Matrix and list of the 30 largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor; (iv) authorizing certain procedures to maintain the confidentiality of patient information as required by the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1320d, *et seq.* (as amended, "HIPAA") and establishing patient notice procedures; and (v) approving the form and manner of notice of the commencement of the Chapter 11 Cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Section 341 Meeting"), substantially in the form attached as Exhibit 1 to the Proposed Order (the "Commencement Notice").

## BASIS FOR RELIEF

I.      **Extension of Deadline to File Schedules, Statements, and Creditor Lists and Matrices**

6.      Bankruptcy Code § 521 and Bankruptcy Rule 1007(c) require a debtor to file, among other things, its Schedules and Statements within fourteen (14) days of the Petition Date.

Nevertheless, pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Bankruptcy Court has authority to extend the time required for filing of the Schedules, Statements, and Creditor Matrix "for cause." *See* Fed. R. Bankr. P. 1007(c) and 9006(b).  The Debtors submit that ample cause exists to grant the relief requested herein.

7.      To prepare their Schedules, Statements, and Creditor Matrix the Debtors will have to compile information from books, records, and documents relating to each of the twenty-two Debtors.  Accordingly, collecting the necessary information will require a significant expenditure of time and effort on the Debtors' part.  Additionally, because numerous invoices related to prepetition goods and services have not yet been received and entered in the Debtors' accounting system, it may take some time before the Debtors have access to all of the information required to prepare the Schedules, Statements, and Creditor Matrix.

8.      Given the number of Debtors, the size and complexity of the Debtors' business and financial affairs, and the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these Chapter 11 Cases, the Debtors are not in a position to complete the Schedules, Statements, and Creditor Matrix as of the Petition Date.

9.      In the days leading up to the Petition Date, the Debtors' primary focus has been preparing for these Chapter 11 Cases. Focusing the attention of key personnel on critical operational and chapter 11 compliance issues during the early days of these Chapter 11 Cases will facilitate the Debtors' smooth transition into chapter 11, thereby maximizing value for their estates, their creditors, and other parties in interest.

10.      Moreover, an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Creditor Matrix well in advance of the section 341 meeting of creditors and will file the Schedules and Statements in advance of any

4

deadline for filing proofs of claim in these Chapter 11 Cases or other significant events in these Chapter 11 Cases.

11.     As explained above, the Debtors' business operations involve thirteen (13) separate skilled nursing facilities, and preparing the Creditor Matrix and Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and the Debtors' advisors.  With respect to the Schedules and Statements, engaging in such preparation immediately before or after the commencement of these Chapter 11 Cases would distract such personnel and advisors from the Debtors' business operations at a critical juncture. Accordingly, the Debtors submit that an extension of two (2) business days with respect to the Creditor Matrix and a 30-day extension of time to file the Schedules and Statements, without prejudice to their ability to request additional extensions, is appropriate and warranted under the circumstances.

12.     Courts in this district and others have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re Claim Jumper Acquisition Company, LLC,* No. 22-21941 (GLT) (Bankr. W.D. Pa. Oct. 3, 2022) (granting debtors a 30-day extension to file its schedules and statements and granting debtors a 2-business day extension to file its creditor matrix); *In re Principle Enterprises, LLC*, No. 22-21779 (GLT) (Bankr. W.D. Pa. Sept. 14, 2022) (granting debtor a 17-day extension to file its schedules and statements); *In re Tilden Marcellus, LLC,* No. 22-20212 (GLT) (Bankr. W.D. Pa. Feb. 14, 2022) (granting debtor an 18-day extension to file its schedules and statements); *In re Rockdale Marcellus Holdings, LLC, and Rockdale Marcellus, LLC*, No. 21-22080 (GLT) (Bankr. W.D. Pa. Sept. 27, 2021) (granting debtors a 13-day extension to file their schedules and statements); *In re R.E. Gas Development, LLC,* No. 18-22032 (JAD) (Bankr. W.D. Pa. May 22, 2018) (granting debtors a 20-day extension to file their schedules and

statements); *In re rue21, inc.,* No. 17-22045 (GLT) (Bankr. W.D. Pa. May 18, 2017) (granting

debtors a 26-day extension for the Debtors to file their schedules and statements); *In re Unique*

*Ventures Group, LLC*, No. 17-20526 (TPA) (Bankr. W.D. Pa. Mar. 8, 2017) (granting debtor's

second request to extend the time to file its schedules and statements, for a total extension of 33

days); *In re Gulf Chem. & Metallurgical Corp.*, No. 16-22192 (JAD) (Bankr. W.D. Pa. June 16,

2016) (granting debtors a 21-day extension to file their schedules and statements); *In re Le-*

*Nature's, Inc.*, No. 06-25454 (MBM) (Bankr. W.D. Pa. Nov. 8, 2006) (granting debtors a 60-day

extension to file their schedules and statements); *In re ACR Mgmt., L.L.C.*, No. 04-27848 (MBM)

(Bankr. W.D. Pa. June 17, 2004) (granting debtors a 45-day extension to file their schedules and

statements); *see also In re Luxury Limousine & Car Service LLC*, Case No. 20-14517 (Bankr. E.D.

Pa. Dec. 1, 2020) (granting debtor a 3-business day extension to file its creditor matrix).

## II.      Consolidated Creditor Matrix

13.      Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and

address of each entity included or to be included on Schedules D, E, F, G, and H." FED. R. BANKR.

P. 1007(a)(1).  Although the list of creditors usually is filed on a debtor-by-debtor basis, in a

complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a

consolidated creditor matrix.  Here, the preparation of separate lists of creditors for each debtor

would be expensive, time consuming, and administratively burdensome.

14.      The Debtors are in the process of filing a motion to retain and employ Omni Agent

Solutions, Inc. (the "Proposed Claims and Noticing Agent") as notice, claims and balloting agent

in the Chapter 11 Cases.  The request to retain the Proposed Claims and Noticing Agent is made

pursuant to 28 U.S.C. § 156(c), which empowers the Court to use outside facilities or services for

the provision of notices and other administrative information to parties in interest so long as the

6

costs of the services are paid for out of the assets for the estates. The Proposed Claims and Noticing Agent will assist in preparing the consolidated list of thirty (30) largest general unsecured creditors.

15. Courts in this circuit have approved relief similar to the relief requested in this Motion with respect to preparation of a consolidated, electronic list of a debtor's creditors. *See, e.g.*, *In re Claim Jumper Acquisition Company, LLC,* No. 22-21941 (GLT) (Bankr. W.D. Pa. Oct. 3, 2022); *In re R.E. Gas Development, LLC,* No. 18-22032 (JAD) (Bankr. W.D. Pa. May 22, 2018); *In re rue21, inc.*, No. 17-22045 (GLT) (Bankr. W.D. Pa. May 18, 2017); *In re Limited Stores Co., LLC,* No. 17-10124 (KJC) (Bankr. D. Del Jan 18, 2017); *In re Horsehead Holding Corp.*, No. 16-10287 (CSS) (Bankr. D. Del. Feb. 3, 2016); *In re Magnum Hunter Res. Corp.*, No. 15-12533 (KG) (Bankr. D. Del. Dec. 16, 2015); *In re Samson Res. Corp.*, No. 15-11934 (CSS) (Bankr. D. Del. Sept. 18, 2015); *In re Frederick's of Hollywood, Inc.*, No 15-10836 (KG) (Bankr. D. Del. Apr. 21, 2015). Accordingly, the Debtors respectfully request authority to file one consolidated Creditor Matrix for all of the Debtors.

### III. Consolidated List of 30 Largest General Unsecured Creditors

16. Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because a significant number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "Top 30 List"). The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service. Courts in this district and this circuit have approved relief similar to that requested in this Motion with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor-affiliates. *See, e.g.*, *In re Claim Jumper Acquisition Company, LLC,* No. 22-21941 (GLT) (Bankr. W.D. Pa. Oct. 3, 2022); *In re R.E. Gas*

*Development, LLC,* No. 18-22032 (JAD) (Bankr. W.D. Pa. May 22, 2018); *In re rue21, inc.*, No. 17-22045 (GLT) (Bankr. W.D. Pa. May 18, 2017); *Le-Nature's, Inc.*, No. 06-25454 (TPA) (Bankr. W.D. Pa. Nov. 7, 2006); *In re American Apparel, LLC*, No. 16-12551 (BLS) (Bankr. D. Del. Nov. 15, 2016); *In re Radioshack Corp.*, No. 15-10197 (KJC) (Bankr. D. Del. Feb. 9, 2015). Although they reserve the right to do so in the future, in this Motion, the Debtors are not requesting authority to file consolidated Schedules and Statements or substantively consolidate the Debtors.

**IV.     Request for Approval of Procedures to Protect Patient Health Information and Approval of Resident Notice Procedures**

17.     Bankruptcy Rule 1007(a) and Local Rule 1007-1 require the Debtors to file matrices listing their creditors and interested parties by name and address. Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 further requires the Debtors to publish certain schedules listing information about creditors. HIPAA, however, potentially bars the Debtors from publishing identifying information about certain patients of the Debtors who are also potential claimants that would ordinarily appear on such matrices.

18.     HIPAA and one of its accompanying implementing regulations, 45 C.F.R. § 164.502 (the "HIPAA Privacy Rule"), address the use and disclosure of "protected health information" (the "PHI") by a "covered entity." As skilled nursing facilities are covered entities, HIPAA prohibits the Debtors "wrongful disclosure" of "individually identifiable health information." *See id; see also* 45 C.F.R. § 160.103. The statute defines "individually identifiable health information" as any information relating to the individual's "past, present or future physical or mental health or condition, the provision of health care to the individual, or the past, present or future payment for the provision of health care to the individual" that also "identifies the individual or for which there is a reasonable basis to believe that the information can be used to identify the individual." 42 U.S.C. § 1320(d)(6) and 45 C.F.R. § 160.103.

19. Individually identifiable health information is referred to in the HIPAA Privacy Rule as PHI. 45 C.F.R. § 164.501. The HIPAA Privacy Rule notes that "many common identifiers" qualify as PHI, and lists, as examples, names, addresses, birth dates, and Social Security Numbers. 45 C.F.R. § 164.502. Wrongful disclosure means "knowingly us[ing] or caus[ing] to be used a unique health identifier, obtain[ing] individually identifiable health information relating to an individual or disclos[ing] individually identifiable health information to another person." 42 U.S.C. § 1320d-6(a).

20. Certain current and past residents of the Debtors may have claims to assert against the Debtors, and, under the Bankruptcy Code and the Bankruptcy Rules, the Debtors must list information about these residents, including their names and addresses, in the creditor matrix and in the Debtors' their schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements").  Listing any resident's name or address in the Debtors' matrices, the Schedules and Statements, or any notice or certificate of service, however, may violate the HIPAA Privacy Rule, unless an exception permitting such distribution is satisfied.

21. There is an exception in the HIPAA Privacy Rule for disclosures with valid authorization. Valid authorization includes information authorized to be released for law enforcement purposes, which is defined as releases required by law (including court orders, court-ordered warrants and subpoenas) and administrative requests. 45 C.F.R. § 164.512(f). To the extent the Debtors distribute protected health information pursuant to an order of this Court, such distribution would not violate the HIPAA Privacy Rule.

22. Bankruptcy Code § 105(a) allows a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and, accordingly, authorizes this Court to approve the proposed Privacy Procedures, further described and defined herein. The

Debtors believe that the relief requested herein appropriately balances the need to maintain confidential patient information under HIPAA with the need for adequate disclosure under the Bankruptcy Code. Given the nature of any information that may reveal even the identity of patients, confidentiality in this context is of paramount importance. Moreover, bankruptcy courts have granted similar relief to protect confidential patient information. *See, e.g., In re 4 West Holdings, Inc., et al.*, Case No. 18-30777 (HDH) (Bankr. N.D. Tex. Mar. 9, 2018) [Doc. No. 55]; *In re ADPT DFW Holdings LLC*, Case No. 17-31432 (SGJ) (Bankr. N.D. Tex. May 19, 2017) [Doc. No. 212]; *In re Forest Park Medical Center at Southlake, LLC*, Case No. 16-40273 (RFN) (Bankr. N.D. Tex. Jan. 25, 2016) [Doc. No. 37]; *see also In re Promise Healthcare Group, LLC*, Case No. 18-12491 (CSS) (Bankr. D. Del. Nov. 6, 2018) [Doc. No. 47]; *In re EBH TOPCO, LLC*, Case No. 18-11212 (BLS) (Bankr. D. Del. May 24, 2018) [Doc. No. 40].

23. Accordingly, the Debtors request that the Court establish the following procedures to balance the need to protect personal health information with the need to disclose information regarding these cases to the public (the "Privacy Procedures"):

a. the Debtors shall omit any reference to current or former residents from the matrix of creditors and any certificate of service;

b. the Debtors shall identify current or former residents in the Schedules and Statements solely by a code number, such as "Resident 1," "Resident 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available to (a) the Court and to the Office of the United States Trustee (the "U.S. Trustee") upon request; and (b) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors or the Proposed Claims and Noticing Agent to do so;

c. the Debtors or the Proposed Claims and Noticing Agent shall maintain a list of all current or former residents (the "Resident List") that appear on the matrix of creditors, and shall make the Resident List, or any portion thereof, available to any party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors or the Proposed Claims and Noticing Agent to do so; and,

d. when the Debtors or the Proposed Claims and Noticing Agent serve any paper upon any person listed on the Resident List, the Debtors or the Proposed Claims and Noticing Agent shall note in the respective certificate of service that the parties served include persons listed on the Resident List.

24. Pursuant to sections 102 and 105(a) of the Bankruptcy Code and the applicable Bankruptcy Rules, the Debtors request that the Court adopt specific notice procedures related to the notification of current and former residents of the Debtors. In particular, the Debtors request authority to serve the Commencement Notice, via regular mail, on certain current and former residents of the Debtors, as fully set forth below, and by publication as soon as practicable following the entry of an order granting this Motion. No other filings shall be served on current and former residents, except for residents that (i) are listed in the Schedules of the Debtors, (ii) file a proof of claim, or (iii) file a notice of appearance shall be served in accordance with the Bankruptcy Code and Bankruptcy Rules or as otherwise ordered by this Court.

25. The Debtors have provided and continue to provide valuable skilled nursing facility services to numerous residents. Consequently, certain of the Debtors' current residents may hold actual claims against the Debtors.

26. In addition, each of the Debtors' former residents could potentially hold an actual or contingent claim against the Debtors' estates.

27. Although it is possible for the Debtors to identify the current and former residents who may have actual claims against the Debtors, it is impracticable for them to identify which of the residents may have unknown claims. Providing individual notice to every resident of the Debtors that could conceivably hold an unknown claim against the Debtors would be impracticable and costly to the Debtors' estates.

28.     In light of the impracticality of providing individual notice to each of the Debtors' current and former residents, the Debtors propose to serve the Commencement Notice, via regular mail, on all current and former residents who the Debtors are aware may hold an actual claim against the Debtors.

29.     Furthermore, in recognition that certain current and former residents that will not receive individual notice as set forth above may nonetheless hold actual or contingent claims against the Debtors' estates of which the Debtors are unaware, the Debtors propose to provide notice by publication pursuant to Federal Rule of Bankruptcy Procedure 2002(l) by causing the Commencement Notice to be published (i) once in the Pittsburgh Post-Gazette, Butler Eagle, New Castle News, The Herald, Observer-Reporter, and the Trib Live and (ii) on the website to be established by the Proposed Claims and Noticing Agent.

30.     The Debtors believe that it is in the best interests of the Debtors' estates and all creditors and other interested parties to adopt the foregoing resident notice procedures.

**V.     Request for Approval of Form and Manner of the Commencement Notice**

31.     Bankruptcy Rule 2002(a) provides in relevant part that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a).

32.     In connection with the Motion, the Debtors are in the process of filing an application seeking to retain the Proposed Claims and Noticing Agent.  If the application is granted, the Proposed Claims and Noticing Agent will, among other things: (i) assist with compiling a creditor database from the Debtors' computer records; and (ii) complete the mailing of notices to the creditors in such database.

33.    The Debtors request that the Proposed Claims and Noticing Agent, and not the Clerk, be directed to serve the Commencement Notice (attached as Exhibit 1 to the proposed Order) in accordance with Bankruptcy Rule 2002(a). The Debtors further propose that the Commencement Notice be served by regular mail, postage prepaid, on those entities entitled to receive such notice pursuant to Bankruptcy Rule 2002(a) no later than five business days after the Debtors receive notice of the time and place of the Section 341 Meeting. The Debtors hereby request that the Court approve the foregoing as providing sufficient notice of the commencement of these Chapter 11 Cases and the Section 341 Meeting.

34.    In light of the foregoing, the Debtors submit that relief requested in the Motion is in the best interest of the Debtors' estates and is not prejudicial to the rights of any party in these cases.

## NOTICE

35.    Notice of this Motion has been provided by email, facsimile or overnight mail to: (i) the Office of the United States Trustee for the Western District of Pennsylvania, Federal Building, 1000 Liberty Avenue, Suite 1316, Pittsburgh, PA 15222; (ii) counsel to CIBC Bank, U.S.A., Liz Boydston, Max Schlan, and Alexandria Rahn, Gutnicki, LLP, 10440 N. Central Expressway, Suite 800, Dallas, TX 75231; lboydston@gutnicki.com; mschlan@gutnicki.com; arahn@gutnicki.com; (iii) counsel to Cuarzo Healthcare, LLC, Elizabeth A. Green and Andrew Layden, BakerHostetler, 200 South Orange Avenue, Suite 2300, Orlando, FL 32801; egreen@bakerlaw.com; alayden@bakerlaw.com; (iv) lien *lis pendens* parties (a) Harmony Property Management LLC; (b) Irwin Property Management LLC; (c) New Castle Property Management LLC; (d) New Wilmington Property Management LLC; (e) Latrobe Property Management LLC; and, (f) Washington Property Management LLC in care of Michael A. Shiner,

Esq., and Maribeth Thomas, Esq., Tucker Arensberg, PC, 1500 One PPG Place, Pittsburgh, PA 15222; mshier@tuckerlaw.com; mthomas@tuckerlaw.com; (v) U.S. Foods, 9399 West Higgins Road, Rosemont, IL 60018; (vi) Department of Human Services, Office of Long-Term Living, Bureau of Finance, Forum Place 6th Floor, 555 Walnut Street, Harrisburg, PA 17101; (vii) CT Corporation, 330 N. Brand Blvd., Suite 700, Attn: SPRS, Glendale, CA 91203; (viii) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (ix) the list of the 30 largest unsecured creditors of the Debtors on a consolidated basis; (x) U.S. Department of Labor, Office of the Regional Solicitor, 1835 Market Street, Mailstop SOL/22, Philadelphia, PA 19103-2968, Attn: Alejandro A. Herrera, Esq. Herrera.alejandro.a@dol.gov; facsimile (215) 861-5162, and (xi) the following governmental agencies having a regulatory or statutory interest in these Chapter 11 Cases: (a) Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346; (b) United States Attorney's Office for the Western District of Pennsylvania, Attn: Eric G. Olshan, Joseph F. Weis, Jr. United States Courthouse 700 Grant Street, Suite 4000, Pittsburgh, PA 15219; and (c) Commonwealth of Pennsylvania Attorney General, Attn: Michelle A. Henry, 16th Floor, Strawberry Square, Harrisburg, PA 17120. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

## REQUEST FOR WAIVER OF STAY

36.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

14

## NO PREVIOUS REQUEST

37.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, Substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated  May 17, 2024
Pittsburgh, Pennsylvania

Respectfully submitted:

**WHITEFORD TAYLOR & PRESTON, LLP**

*/s/ Daniel R. Schimizzi*
Daniel R. Schimizzi (PA ID No. 311869)
Michael J. Roeschenthaler (PA ID No. 87647)
Mark A. Lindsay (PA ID No. 89487)
Sarah E. Wenrich (PA ID No. 325834)
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222
Telephone: 412-275-2401
Facsimile:  412-275-2404
Email: dschimizzi@whitefordlaw.com
mroeschenthaler@whitefordlaw.com
mlindsay@whitefordlaw.com
swenrich@whitefordlaw.com

*Proposed Local Counsel to the Debtors and Debtors in Possession*

*-AND-*

Glenn B. Rose (*pro hac vice* pending)
Paul G. Jennings (*pro hac vice* pending)
Gene L. Humphreys (*pro hac vice* pending)
Jordan E. Thomas (*pro hac vice* pending)
Alfonso Cuen (*pro hac vice* pending)
**BASS, BERRY & SIMS PLC**
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
grose@bassberry.com
pjennings@bassberry.com
ghumphreys@bassberry.com
jordan.thomas@bassberry.com
alfonso.cuen@bassberry.com

*Proposed Counsel to the Debtors and
Debtors in Possession*