## **EXHIBIT A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | **Case No.: 24-21217-CMB** |
| **SOUTH HILLS OPERATIONS, LLC, *et al.*,[1]** | **Chapter 11**<br>*Joint Administration Requested* |
| Debtors. | **Doc. No.:** |
| **SOUTH HILLS OPERATIONS, LLC, *et al.*,** | **Related to Document No.:** |
| Movant, | **Hearing Date:** |
| -vs - | **Hearing Time:** |
| NO RESPONDENTS. | **Response Deadline:** |

**ORDER ESTABLISHING CERTAIN NOTICE,
CASE MANAGEMENT, AND ADMINISTRATIVE
<u>PROCEDURES AS WELL AS GRANTING RELATED RELIEF</u>**

On May 17, 2024 ("<u>Petition Date</u>"), the above-captioned debtors and debtors in possession

(collectively, the "<u>Debtors</u>"), each filed a voluntary petition for relief under chapter 11 of title 11

of the United States Code ("<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the

Western District of Pennsylvania (this "<u>Court</u>").  The Debtors are operating their businesses and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook-C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835). The Debtors' address is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

managing their properties as Debtors in Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

Upon the motion ("Motion") of the above-captioned Debtors and Debtors in Possession for the entry of an order ("Order") approving and implementing the following case management procedures ("Case Management Procedures"); and upon the First Day Declaration filed in the above-captioned matter; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order on the Motion consistent with Article III of the United States Constitution; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and in accordance with W. PA. LBR 1002-2 through 1002-10; and this Court having found that the relief granted herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing,

**AND NOW** this _____ **day of** _____, 2024, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Motion is **GRANTED** as set forth herein.

2. The following Case Management Procedures are **APPROVED** and shall govern all applicable aspects of these Chapter 11 Cases, except as otherwise ordered by this Court. *Notwithstanding the entry of this Order, all parties in interest must comply with the Chambers Procedures set forth on the Court's website.*

2

3. The Debtors' proposed notice and claims agent, Omni Agent Solutions, Inc. ("Omni"), is authorized to establish the case website, available at https://omniagentsolutions.com/SouthHills (the "Case Website"), where, among other things, electronic copies of all Court Filings (as defined in the Case Management Procedures) will be posted and viewable free of charge.

4. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## CASE MANAGEMENT PROCEDURES

### *Hearing Procedures*

6. ***All Matters To Be Heard at Omnibus Hearings***. The Court shall schedule periodic omnibus hearings (the "Omnibus Hearings") to consider all notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Court Filings") pursuant to the following procedures:

7. ***Initial Omnibus Hearings***. The first four Omnibus Hearings are scheduled as follows:

    a. _____, 2024 at _____ AM/PM (prevailing Eastern Time);

    b. _____, 2024 at _____ AM/PM (prevailing Eastern Time);

    c. _____, 2024 at _____ AM/PM (prevailing Eastern Time); and,

d. _____, 2024 at _____ AM/PM (prevailing Eastern Time).

8. ***Subsequent Omnibus Hearings***. At or before the last scheduled Omnibus Hearing, the Debtors shall request that the Court schedule additional Omnibus Hearings. The Court shall schedule such Omnibus Hearings and, upon scheduling, Omni shall post the dates of the additional Omnibus Hearings on the Case Website. Parties may contact Omni for information concerning all scheduled Omnibus Hearings.

9. ***Claims Agent Contact Information***. Parties can contact Omni by email SouthHillsInquiries@OmniAgnt.com and by phone at (866) 989-6144 (US and Canada); (747) 288-6439 (international) Toll Free in US and Canada, for all matters related to these Case Management Procedures.

10. ***Preliminary Omnibus Hearing Agenda***. At least seven (7) days prior to each scheduled hearing date, counsel for the Debtors shall prepare and deliver via electronic mail a preliminary hearing agenda (the "Preliminary Agenda") to Chambers. The Preliminary Agenda shall be subject to amendment throughout and including the Final Agenda Deadline (as defined below).

11. ***Final Omnibus Hearing Agenda.*** On or before 3:00 p.m. (prevailing Eastern time) two (2) business days before each Omnibus Hearing (the "Final Agenda Deadline") the Debtors' counsel shall file a final agenda with regard to the matters scheduled to be heard at such Omnibus Hearing (the "Final Hearing Agenda"). The Final Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of adjournment; *provided* that for all matters adjourned to a later Omnibus Hearing or some other future date, the Debtors also will electronically file (but need not serve) a notice of adjournment with respect to such matters.

4

12.     ***Content of Proposed Hearing Agenda***. The Final Hearing Agenda will include, to the extent known by Debtors' counsel: (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any Objections, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) a suggestion for the order in which the matters should be addressed; and (e) any other comments that will assist the Court.

13.     ***Hearing Binders for Select Matters***. In the event the Debtors file any Request for Relief (as defined herein) relating to (i) the use, sale, or lease, other than in the ordinary course of business, of property of the estate under section 363 of the Bankruptcy Code; (ii) the incurrence of post-petition financing under section 364 of the Bankruptcy Code; or (iii) confirmation of a chapter 11 plan of reorganization under section 1129 of the Bankruptcy Code, or as otherwise ordered by the Court (each, a "Binder Required Matter"), the Debtors shall deliver a preliminary hearing binder (the "Preliminary Hearing Binder") to Chambers no less than seven (7) days before the Binder Required Matter is scheduled for hearing. The Preliminary Hearing Binder shall include all substantive documents relevant to the Binder Required Matter and follow, in order and in separately tabbed sections, the agenda included with the Preliminary Hearing Binder. Binders shall have a ring diameter of no greater than three (3) inches and must be loosely filled with 8.5 x 11 paper sheets. An additional binder shall be used whenever the volume of documents in a Binder exceeds 450 sheets for a 3" round ring binder or 600 sheets for a 3" D ring binder. Oversized sheets should be reduced to 8.5 x 11 provided that the clarity of the document is not affected. Aside from the agendas and proposed orders, all pages should be double-sided. The cover and spine of each Preliminary Hearing Binder shall include the following information: (1) title of the Binder; (2) the case name and number; (3) the hearing date and time; and (4) the applicable number sequence if

more than one Binder is produced. All proposed orders within the Preliminary Hearing Binder shall be conspicuously tabbed in a manner that distinguishes the location of the orders within each section of the agenda. Contemporaneously with the Final Agenda Deadline, the Debtors shall hand deliver to Chambers a hard copy of the Final Hearing Agenda, together with copies of those documents that were not included in the Preliminary Hearing Binder (appropriately tabbed and marked to indicate the agenda item to which each document refers) (the "Final Hearing Binder").

14.    ***Bridge Orders Not Required in Certain Circumstances***. When a motion to extend time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Local Bankruptcy Rules of this Court ("Local Bankruptcy Rules"), or order of the Court, the time shall be automatically extended until the Court acts on the motion, as long as the movant files the motion with a return date that is no later than seventeen (17) days after the filing of such motion.

15.    ***Evidentiary Hearings***. With respect to any Court Filing, if Objections are filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify, unless the Proposed Hearing Agenda provides otherwise after consultation with the Court's Courtroom Deputy. Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (*e.g.*, declarations, affidavits, and exhibits).

16.    ***Court Appearances***. Unless otherwise ordered by the Court, all hearings will be held in person. Parties may appear for non-evidentiary matters remotely by utilizing the Zoom video conference platform, provided that such persons attending a hearing must adhere to any applicable procedures, including any Chambers Procedures set forth on the Court's website, in effect from time to time relating to appearances at virtual hearings. No party may record or

6

broadcast any proceeding conducted by the Court.  Parties seeking to appear remotely must register

for the hearing by submitting a registration form via the link published on Judge Bohm's website

(which can be found at https://www.pawb.uscourts.gov/content/judge-carlota-bohm) by no later

than 4 p.m. on the business day prior to the scheduled hearing. All parties participating remotely

shall comply with Judge Bohm's General Procedures, (which can be found at

https://www.pawb.uscourts.gov/procedures-1 ). Parties who fail to timely register for remote

participation will be expected to attend the hearing in person.

17.     ***Matters that May Be Heard at Non-Omnibus Hearings***. Subject to consultation

with the Court's chambers, hearings in connection with applications for professional compensation

and reimbursement, pre-trial conferences, asset sales, trials related to adversary proceedings,

approval of a disclosure statement, confirmation of a plan, and any other Court Filing filed by the

Debtors may be scheduled for dates other than the Omnibus Hearing dates; *provided*, *however*,

that: (i) nothing herein shall prevent a party in interest from requesting that the Court schedule an

emergency hearing on a non-Omnibus Hearing date consistent with these Case Management

Procedures; (ii) initial pre-trial conferences scheduled in connection with adversary proceedings

involving the Debtors shall be set on the next available Omnibus Hearing date that is at least forty-

five (45) days after the filing of the complaint; and (iii) hearings on all other Requests for Relief,

except for those Requests for Relief specifically referenced in this paragraph or requiring

emergency relief, filed by any party must be scheduled for an Omnibus Hearing.

### *Filing and Service Procedures*

18.     ***Court Filings***. All Court Filings filed in these Chapter 11 Cases shall be filed

electronically with the Court on the docket of South Hills Operations, LLC, by registered users of

the Court's electronic case filing system (the "Electronic Filing System") in searchable portable document format ("PDF"), Microsoft Word, or any other Windows-based word processing format.

## I.  *The Service List*

19.  ***Parties Entitled to Service***. All Court Filings (other than proofs of claim) shall be served on the following list of parties (the "Service List"), according to the following notice procedures.

   a.  *Master Service List*. Omni shall maintain a master service list (the "Master Service List"). The Master Service List shall be made available by: (i) accessing the Case Website; or (ii) contacting Omni directly. The Master Service List shall include the following parties:

   i.  the Office of the U.S. Trustee for the Western District of Pennsylvania (the "U.S. Trustee");

   ii.  the Debtors and their counsel;

   iii.  counsel to the official committee of unsecured creditors (if any) appointed in these Chapter 11 Cases (the "Committee") and, unless and until the Committee is appointed, the holders of the 30 largest unsecured claims on a consolidated basis;

   iv.  CIBC Bank, U.S.A., and its counsel;

   v.  Cuarzo Healthcare, LLC, and its counsel;

   vi.  lien *lis pendens* parties;

   vii.  U. S. Foods;

   viii.  Department of Human Services, Commonwealth of Pennsylvania;

   ix.  United States Department of Labor;

   x.  CT Corporation

   xi.  the United States Attorney's Office for the Western District of Pennsylvania;

   xii.  Pennsylvania Department of Human Services, Office of Long Term Living;

   xiii.  the Internal Revenue Service; and

xiv.  Commonwealth of Pennsylvania Attorney General.

b. ***2002 List.*** Omni shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (the "2002 List").

   i.  ***Filing Requests for Documents Requires Email Address***. A request for service of Court Filings pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request: (A) name; (B) street address; (C) name of client(s), if applicable; (D) telephone number; and (E) email address.

   ii.  ***Certification Opting Out of Email Service***. Any party filing a 2002 Notice Request that does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "Certification"). The Certification shall include a statement certifying that the party: (A) does not maintain an email address and (B) cannot practicably obtain an email address at which the party could receive service. Such party will thereafter receive paper service in accordance with the Case Management Procedures.

   iii.  ***Email Address Required.*** If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five (5) business days requesting an email address. If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Court Filings unless such party is an Affected Entity (defined below).

   iv.  ***Changes in Information***. Each party submitting a 2002 Notice Request is responsible for filing with the Bankruptcy Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

c. ***Affected Entities.*** All entities with a particularized interest in the subject matter of a specific Court Filing, including the entity filing the request for relief is an "Affected Entity" with respect to such court filing and is entitled to be served with all Court Filings relating to that interest.

d. ***Non-Public Service List.*** Any party filing a motion may request Omni to serve those creditors and parties in interest whose addresses are not included in the publicly filed Creditor Matrix.

9

20.     ***Maintenance of the Service List***. At least every fifteen (15) days during the first sixty (60) days of these Chapter 11 Cases, and at least every thirty (30) days thereafter, Omni shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website.

### *Filing and Service of Court Filings Generally*

21.     ***Electronic Filing and Service***.  All Court Filings shall be filed electronically with the Court, using the Court's Electronic Filing System and served via email, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service; *provided*, *however*, Court Filings may be served on the Master Service List by email and by first class mail. Subject to the limited exclusions, each party that files a notice of appearance and a 2002 Notice Request shall be deemed to have consented to electronic service of all Court Filings, except as provided herein.

    a. ***Email Subject Line.*** With respect to the service of any Court Filing, the subject line of the email shall include (i) the Debtors' case name and number; (ii) the name of the party filing such Court Filing; and (iii) the title of the Court Filing being served. If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full title of such Court Filing.

    b. ***Email Attachments.*** All Court Filings served by email shall include the entire document, including any proposed form(s) of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format. Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the filing party may serve the Court Filing by U.S. mail, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials; provided that the Court Filing is served by hand or overnight delivery on the Service List.

10

22.     ***Paper Service of Certain Affected Entities***. To the extent an Affected Entity's email address is not available, the Debtors (or any other party filing a Court Filing) shall serve such Affected Entity with paper copies by first class mail or private mail service.

23.     ***Form of Papers***. Unless granted prior permission, motions, applications, and objections are limited to 50 pages and replies and statements are limited to 15 pages. All Court Filings (other than exhibits) shall be double-spaced, 12-point font, with one-inch margins.

24.     ***Certificates of Service***. Certificates of service for all Court Filings, including the Service List, need only be filed with the Court.

25.     ***Right to Request Special Notice Procedures***. Nothing in the Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause including, without limitation, the right to file a motion seeking emergency ex parte relief or relief upon shortened notice.

26.     ***Section 342 Notice Requirements***. Any notice sent by the Debtors or any other party in interest utilizing the case caption approved by this Court shall be deemed to comply with the requirements set forth in the first sentence of section 342(c)(1) of the Bankruptcy Code.

***Filing and Service of Requests for Relief***

27.     ***Requests for Relief to Be Heard at Omnibus Hearing***. In accordance with Local Bankruptcy Rule 9014-1, in the event that a party files and serves a motion seeking specific relief set forth therein (each, a "Request for Relief") at least twenty-five (25) days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing. If a Request for Relief is filed by a party other than the Debtors and purports to set a hearing date inconsistent with

the Case Management Procedures, the Request for Relief shall be heard, without the necessity of a Court order, at the first Omnibus Hearing after the applicable notice period has expired.

28.   ***Expedited/Emergency Scheduling Procedures***. If a movant or applicant determines that a Request for Relief requires expedited or emergency relief, the movant or applicant shall contact attorneys for (a) the Debtors; (b) the Committee; (c) the Office of the United States Trustee; and (d) each Affected Entity, by telephone and request that the Request for Relief be considered on an expedited basis. If the Debtors, the Committee or the Affected Party (if the Debtors or the Committee seek expedited/emergency relief) disagree with the movant's or applicant's request for expedited or emergency relief, the movant or applicant shall (a) inform the Court of the disagreement by telephone and (b) arrange for a chambers conference, telephonic or in-person, to discuss the disagreement. If the Court agrees with the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.

29.   ***Notices of Requests for Relief***. A notice shall be affixed to the front of each Request for Relief and shall set forth (a) the title of the Request for Relief, (b) the time and date of the objection deadline, (c) the parties on whom any objection is to be served, and (d) the Omnibus Hearing date at which the party intends to present the Request for Relief. The notice may also include a statement that the relief requested therein may be granted without a hearing if no objection is timely filed and served in accordance with the Case Management Procedures (a "Presentment Notice"). Subject to section (E) of these Case Management Procedures, if the notice filed with a Request for Relief includes a Presentment Notice, after the objection deadline has passed and if no objection has been filed and served in accordance with these Case Management Procedures, counsel to the party who filed the Request for Relief may file a certification that no

objection has been filed or served on them, and may request that the Court grant the relief and enter an order without a hearing.

30.     ***Certification of Counsel***. To the extent the parties resolve a Request for Relief through the terms of a consent order, the proposed order shall be submitted to the Court through a certification of counsel ("COC"). The COC shall be served on all Affected Entities. The parties shall also attach a redline comparison to the COC in the event that the proposed order materially differs from the order attached to the Request for Relief.

31.     ***Service of Requests for Relief***. For any Court Filing for which particular notice is required to be served on all creditors and parties with a particular interest in the relief sought by any Request for Relief, including Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6006, 6007, and 9019, parties shall serve all such Court Filings only on the Service List in accordance with the following, unless otherwise ordered by the Court:

    a.   in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;

    b.   in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;

    c.   in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

    d.   in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;

    e.   in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

    f.   any objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party; and,

    g.   on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Court.

13

32.     ***Notice Provisions Not Applicable to Certain Matters***. Except as set forth in the

Case Management Procedures or otherwise provided by order of the Court, the notice provisions

of the Case Management Procedures shall not apply to notices of the matters or proceedings

described in the following Bankruptcy Rules:

a. Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b. Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

c. Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d. Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e. Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f. Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

g. Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

h. Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i. Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j. Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k. Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

l. Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m. Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

    n.  Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

33.    ***Requests for Relief to Include Proposed Order***. Parties submitting written motions or other Requests for Relief shall be required to include a proposed order with such Request for Relief.

### *Filing and Service of Objections and Replies*

34.    ***Deadline for Objections***. Any objection to a Request for Relief must be filed with the Court and served upon the party filing the Request for Relief and those parties on the Service List by the following deadlines (each, as applicable, the "Objection Deadline"):

    a.  in the case of a Request for Relief filed twenty-five (25) or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), seven (7) calendar days before the applicable hearing; or,

    b.  in any case, as otherwise ordered by the Court.

35.    ***Extension of Objection Deadline***. The Objection Deadline may be extended without order of the Court upon the consent of the party filing the Request for Relief, which consent may be granted via email, provided however, no extensions will be allowed upon consent beyond the binder filing deadline.

36.    ***Effect of Failure to File Objection by Objection Deadline***. Failure to file an Objection by the Objection Deadline may cause the Court to disregard the Objection.

37.    ***Service of Objections***. All Objections shall be filed with the Court and served by the applicable Objection Deadline upon the party filing the Request for Relief and those parties on the Service List including each Affected Entity; provided that if the Objection Deadline is after the date that is seven (7) days before the applicable hearing, then Objections shall also be served by email, hand delivery, or overnight mail upon the following parties: (a) counsel to the Debtors; (b) counsel to the Committee; and (c) each Affected Entity.

38.     ***Service of Replies to Objections***. If a Court Filing is a reply to an Objection, and otherwise allowed by the Judge's procedures, such reply shall be filed with the Court and served so as to actually be received by: (a) counsel to the Debtors; (b) counsel to the Committee; and (c) each Affected Entity, by 4:00 p.m. (prevailing Eastern Time) two (2) business days preceding the applicable hearing date. Sur- replies shall be not permitted or considered unless authorized by the Court.

39.     ***Settlements***. In the event that a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the scheduled hearing, the parties shall so inform the Court's chambers as promptly as practicable and may announce the settlement at the scheduled hearing. In the event that the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

40.     ***Supplemental Notice***. In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures, and a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.

### *Granting a Request for Relief Without a Hearing*

41.     ***Certificate of No Objection***. If no Objection to a Request for Relief is filed after the Request for Relief is filed and served in a timely fashion, the movant may file a certificate of no objection (a "Certificate of No Objection") stating that no objection has been filed or served on the movant. By filing such certification, counsel for the movant represents to the Court that the

movant is unaware of any Objection to the Request for Relief and that counsel has reviewed the Court's docket and no Objection appears thereon.

42. ***Order May Be Entered Without Hearing***. Upon receipt of a Certificate of No Objection as set forth in the preceding paragraph, the Court may enter an order granting the Request for Relief without further pleading, hearing, or request, and once an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

43. ***Request for Relief May be Heard at a Hearing***. After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

### *Filing and Service of Orders*

44. ***Service of Orders***. All parties submitting orders shall serve a conformed copy of any entered order on (a) each Affected Entity, (b) the Debtors, and (c) Omni, within two (2) business days of entry of the applicable order. Omni shall post all orders on the Case Website.

### *Filing and Service of Adversary Proceedings*

45. ***Serving Adversary Proceedings***. All Court Filings in any adversary proceeding commenced in these Chapter 11 Cases shall be served upon each Affected Entity and any other parties required to be served under any applicable Bankruptcy Rule or Local Bankruptcy Rule.

46. ***Discovery Rules in Contested Matters and Adversary Proceedings***. Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures), and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in contested matters but are applicable to adversary proceedings arising under these Chapter 11 Cases.

47.     ***Briefing Schedule in Adversary Proceedings***. After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court.

### *Other Pleadings*

48.     ***Joinders***. Any party seeking to support any Court Filing may file an expression of support of such Court Filing (a "Joinder"). Unless otherwise ordered by the Court, filing a Joinder does not entitle such party to: (a) be an independent proponent of the Court Filing; (b) independently support or oppose any related Court Filings; (c) independently settle the underlying Request for Relief that is the subject of the applicable Court Filing; or (d) independently receive a ruling from the Court on the Court Filing. The Court may deem a Joinder to be a brief in support of the applicable Court Filing, but the Court shall not consider any arguments or factual allegations contained in a Joinder but not in the related Court Filing, and no party shall be required to separately respond to a Joinder.

49.     ***Request for Expedited/Emergency Hearings or Shortening of Time***. Nothing herein shall prejudice (a) the rights of any party-in-interest to move the Court to further limit or expand notice of such matters and proceedings upon a showing of good cause, including, but not limited to, the right to include a request for expedited/emergency *ex parte* consideration or consideration upon shortened time within the underlying motion consistent with Local Rule 9013-1, or (b) the rights of any party to seek an enlargement or reduction of a time period under Bankruptcy Rule 9006(b) or 9006(c).

50.     ***Motion Practice for Lift Stay Actions***. A motion filed by a non-Debtor party seeking relief from the automatic stay (a "Stay Relief Motion") in accordance with section 362 of

18

the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing date that is at least twenty-one (21) days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline shall be the later of (a) fourteen (14) calendar days after the filing and service of the Stay Relief Motion or (b) three (3) calendar days prior to the hearing scheduled with respect thereto.

51.     ***Continuation of Automatic Stay***. Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled in accordance with the Case Management Procedures for, or adjourned to, a hearing date thirty (30) days after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

52.     ***Motions for Reargument***. Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Bankruptcy Rule 9023-1. If, after review of the motion, the Court determines that it wishes a response, and/or hearing, it will notify the applicable parties accordingly.

53.     ***Motions for Temporary Restraining Orders***. Parties seeking a temporary restraining order (a "TRO") must comply with the requirements of Federal Rule of Civil Procedure 65(b). Applications for a TRO will be heard in open court, on the record, with a court reporter or audio recording. Applicants seeking TROs are reminded of the need to submit with their motion papers the written affidavit required under Federal Rule of Civil Procedure 65(b) confirming the notice provided to anyone who might wish to oppose the application. Any assertions that notice cannot or should not be given must likewise be supported by affidavit. Any request for a TRO

19

must be preceded by a telephone call to chambers, advising chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the motion papers will be forthcoming. Except in those rare cases where advance notice of the TRO application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO, or provisions therein. In addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to chambers.

### *Additional Case Management Procedures*

54.     ***Adequate Notice.*** Notice and service accomplished in accordance with the provisions set forth in the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

55.     ***Computation of Time***. Unless otherwise specified, all time periods referenced in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

56.     ***Effect of the Case Management Procedures***. The Bankruptcy Rules and the Local Bankruptcy Rules shall continue to apply to all proceedings in these Chapter 11 Cases, except to the extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such rules.

57.     ***Promulgation of the Case Management Procedures***. As soon as practicable after the entry of this Order, a copy of this Order shall be served by the Debtors on each of the parties on the Master Service List. In addition, shortly after the end of each calendar month, Omni or counsel to the Debtors shall serve a copy of this Order upon any party filing a 2002 Notice Request

within such calendar month. To help ensure that all parties who may participate in these Chapter

11 Cases are aware of the terms of this Order, the Debtors will post this Order on the Case Website.

Prepared by:
/s/ *Daniel R. Schimizzi*
Daniel R. Schimizzi
Proposed Local Counsel to the Debtors

BY THE COURT:

Date:                     , 2024
         Pittsburgh, PA

Hon. Carlota M. Bohm
United States Bankruptcy Court

21