**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | Case No.: 24-21217-CMB |
| **SOUTH HILLS OPERATIONS, LLC, *et al.,*[1]** | **Chapter 11** *Joint Administration Requested* |
| **Debtors.** | **Doc. No.:** |
| **SOUTH HILLS OPERATIONS, LLC, *et al.,*** | **Related to Document No.:** |
| **Movant,** | **Hearing Date:** |
| **-vs -** | **Hearing Time:** |
| **NO RESPONDENTS.** | **Response Deadline:** |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER APPOINTING
OMNI AGENT SOLUTIONS, INC. AS CLAIMS AND NOTICING AGENT PURSUANT
TO 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), AND W. PA. LBR 1002-8**

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby move for

entry of an order, substantially in the form of **Exhibit C** hereto (the "Retention Order") pursuant

to section 156(c) of title 28 of the United States Code and section 105(a) of title 11 of the United

States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), appointing Omni Agent Solutions,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook-C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835). The Debtors' address is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

Inc. ("Omni") as claims and noticing agent in the Debtors' Chapter 11 Cases (the "Section 156(c) Application"). In support of this Section 156(c) Application, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2.    This Section 156(c) Application is made pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and W.PA. LBR 1002-8 for an order appointing Omni to act as the claims and noticing agent and assume full responsibility for, *inter alia*, the distribution of notices and the maintenance, processing and docketing of proofs of claim filed in the Debtors' Chapter 11 Cases and other services within the scope of 28 U.S.C. § 156(c). The Debtors' selection of Omni to act as the claims and noticing agent satisfies the requirements of W. PA. LBR 1002-8(c), in that the Debtors obtained and reviewed engagement proposals from at least three (3) qualified claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Omni's rates are competitive and reasonable given Omni's quality of services and expertise. The terms of retention are set forth in the Services Agreement annexed hereto as **Exhibit A** (the "Services Agreement"); provided, however, that Omni is seeking approval solely of the terms and provisions as set forth in this Section 156(c) Application and the proposed order attached hereto. In support of this Section 156(c) Application, the Debtors submit the *Declaration of Paul H. Deutch, Executive Vice President, in Support of Debtors' Application for Entry of an Order Appointing Omni Agent Solutions, Inc.as*

2

*Claims and Noticing Agent Pursuant to 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), and W. Pa. LBR 1002-8* (the "Deutch Declaration"), attached hereto as **Exhibit B**.

3.      Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be in excess of 2,000 parties to be noticed due to the number of patients and employees associated with the Debtors. In view of the number of anticipated claimants and the complexity of the Debtors' businesses, the Debtors submit that the appointment of a claims and noticing agent is both necessary and in the best interests of both the Debtors' estates and their creditors.

4 .      By appointing Omni as the claims and noticing agent in these Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the clerk's office will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

### OMNI'S QUALIFICATIONS

5.      Omni is one of the country's leading chapter 11 administrators, with significant expertise in noticing, claims administration, soliciting, balloting, and facilitating other administrative aspects of chapter 11 cases.  Omni has substantial experience in matters of this size and complexity and has acted as the official claims and noticing agent and/or administrative agent in numerous recent chapter 11 cases filed in this district and other districts nationwide.  Omni's current and former cases include: *Hornblower Holdings LLC*, Case No. 24-90061 (MI) (Bankr. S.D. Tex. Feb. 21, 2024); *In re PM Management - Killeen I NC LLC*, Case No. 24-30240 (SGCJ) (Bankr. N.D. Tex. Jan. 29, 2004); *In re Impel Pharmaceuticals Inc.,* Case No. 23-80016 (SGJ) (Bankr. N.D. Tex. Dec. 19, 2023); *In re Ebix, Inc.,* Case No. 23-80004 (SWE) (Bankr. N.D. Tex. Dec. 17, 2023); *In re Leading Life Senior Living, Inc.*, Case No. 22-42784 (MXM) (Bankr. N.D.

Tex. Nov. 18, 2022); *In re North Richland Hills Alamo, LLC*, Case No. 22-40384 (ELM) (Bankr. N.D. Tex. Feb. 25, 2022); *In re GVS Texas Holdings I, LLC, et al.*, Case No. 21-31121 (MVL) (Bankr. N.D. Tex. June 17, 2021); *In re Trivascular Sales LLC*, Case No. 20-31840 (SGJ) (Bankr. N.D. Tex. July 5, 2020); *In re SAS Healthcare, Inc.*, Case No. 19-40401 (MXM) (Bankr. N.D. Tex. Jan. 31, 2019); *In re Senior Care Centers, LLC*, Case No. 18-33967 (BJH) (Bankr. N.D. Tex. Dec. 4, 2018); *In re 4 West Holdings, Inc.*, Case No. 18-30777 (HDH) (Bankr. N.D. Tex. Mar. 6, 2019); *In re Sunlight Financial Holdings Inc.*, Case No. 23-11794 (MFW) (Bankr. D. Del. Oct. 30, 2023); *In re Shift Technologies, Inc*., Case No. 23-30687 (HLB) (Bankr. N. D. Cal. Oct. 9, 2023); *In re UpHealth Holdings, Inc.,* Case No. 23-11476 (LSS) (Bankr. D. Del. Sept. 19, 2023); *In re AmeriFirst Financial, Inc.,* Case No. 23-11240 (TMH) (Bankr. D. Del. Aug. 24, 2023); *In re Roman Catholic Archbishop of San Francisco*, Case No. 23-30564 (DM) (Bankr. N.D. Cal. Aug. 21, 2023); *In re AeroFarms, Inc.,* Case No. 23-10737 (MFW) (Bankr. D. Del. June 8, 2023); In re Bittrex, Inc., Case No. 23-10597 (BLS) (Bankr. D. Del. May 8. 2023); *In re Lannett Company, Inc.,* Case No. 23-10559 (JKS) (Bankr. D. Del. May, 2. 2023); *In re DeCurtis Holdings LLC,* Case No. 23-10548 (JKS) (Bankr. D. Del. Apr. 30, 2023); *In re Lincoln Power, LLC*, Case No. 23-10382 (LSS) (Bankr. D. Del. Apr. 3, 2023); *In re Independent Pet Partners Holdings, LLC,* Case No. 23-10153 (LSS) (Bankr. D. Del. Feb. 5, 2023); *In re Performance Powersports Group Investor,* LLC, Case No. 23-10047 (LSS) (Bankr. D. Del. Jan. 18, 2023);*In re PhaseBio Pharmaceuticals, Inc.*, Case No. 22-10995 (LSS) (Bankr. D. Del. Oct. 23, 2022); *In re Kabbage, Inc. d/b/a KServicing*, Case No. 22-10951 (CTG) (Bankr. D. Del. Oct. 6, 2022); *In re Gold Standard Baking, LLC*, Case

4

No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022); *In re PWM Property Management LLC*, Case

No. 21-11445 (MFW) (Bankr. D. Del. Dec. 1, 2021). [2]

**<u>SERVICES TO BE PROVIDED</u>**

6. This Section 156(c) Application pertains only to the work to be performed by Omni

under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and W. PA. LBR 1008-2(a),

and any work to be performed by Omni outside of this scope is not covered by this Section 156(c)

Application or by any Order granting approval hereof. Under the Services Agreement, attached

hereto as **<u>Exhibit A</u>**, Omni will perform the following tasks, if requested to do so by the Debtors,

in its role as claims and noticing agent (the "<u>Claims and Noticing Services</u>"), as well as all quality

control efforts relating thereto:

> (a)    Prepare and serve required notices and documents in the Chapter 11 Cases in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of the Chapter 11 Cases and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of the Chapter 11 Cases;
>
> (b)    Maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, "<u>Schedules</u>"), listing the Debtors' known creditors and the amounts owed thereto;
>
> (c)    Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest; and (ii) a "core" mailing list consisting of all parties described in sections 2002(i), (j) and (k) and those parties that have filed a

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Application. Copies of these cited orders are available upon request to the Debtors' counsel.

notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party-in-interest or the Clerk;

(d)     Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e)     Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f)     For *all* notices, motions, orders or other pleadings or documents served, prepare and file or caused to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket numbers(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(g)     Process all proofs of claim received, including those received by the Clerk's Office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

(h)     Maintain the official claims register for each Debtor (the "Claims Registers") on behalf of the Clerk on a case specific website; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, *etc.*), (vi) the applicable Debtor, and (vii) any disposition of the claim;

(i)     Provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

(j)     Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

(k)     Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

6

(l)     Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Omni, not less than weekly;

(m)     Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request)

(n)     Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Registers;

(o)     Assist in the dissemination of information to the public and respond to requests for administrative information regarding the case as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(p)     If the case is converted to chapter 7, contact the Clerk's Office within three (3) days of the notice to Omni of entry of the order converting the case;

(q)     Thirty (30) days prior to the close of these cases, to the extent practicable, request that the Debtors submit to the Court a proposed Order dismissing the Omni and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of these cases;

(r)     Within seven (7) days of notice to Omni of entry of an order closing the Chapter 11 Cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the Chapter 11 Cases; and,

(s)     At the close of these cases, box and transport all original documents, in proper format, as provided by the Clerk's Office, to (i) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, MO 64064 or (ii) any other location requested by the Clerk's Office.

7.     Omni shall not employ any past or present employee of the Debtors for work that involves the Debtors' bankruptcy cases.

## **PROFESSIONAL COMPENSATION**

8.     The Debtors respectfully request that the undisputed fees and expenses incurred by Omni in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and 11 U.S.C. § 503(b)(1)(A) and be

paid in the ordinary course of business pursuant to the Services Agreement without further application to or order of the Court.

9.      Omni agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Services Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

10.     In addition, under the terms of the Services Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Omni and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Services Agreement, except in circumstances resulting from Omni's bad faith, gross negligence, willful misconduct, or as otherwise provided in the Order. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Noticing Agent in these Cases.

11.     Prior to the Petition Date, the Debtors paid a retainer to the Omni in the amount of $30,000.

**<u>DISINTERESTEDNESS</u>**

12.     Omni has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest Debtors provided, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Deutch Declaration,

Omni has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter one which it would be employed.

13.     To the best of the Debtors' knowledge, Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, as Omni represents in the Deutch Declaration, among other things, that:

(a)     Omni is not a creditor of the Debtors;

(b)     Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in these Chapter 11 Cases;

(c)     By accepting employment in these Chapter 11 Cases, Omni waives any rights to receive compensation from the United States government in connection with the Debtors' Chapter 11 Cases;

(d)     In its capacity as the claims and noticing agent in these Chapter 11 Cases, Omni will not be an agent of the United States and will not act on behalf of the United States;

(e)     Omni will not employ any past or present employees of the Debtors in connection with its work as claims and noticing agent in these Chapter 11 Cases; and,

(f)     Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged.

14.     In its capacity as claims and noticing agent in these Chapter 11 Cases, Omni will not intentionally misrepresent any fact to any person. Omni will supplement its disclosure to the Court if any facts and circumstances are discovered that would require such additional disclosure.

15.     To the extent that there is any inconsistency between this Application, the Retention Order and the Services Agreement, the Retention Order shall govern. This Section 156(c) Application complies with W. PA. LBR 1002-8 and conforms to the standard Section 156(c) Application in use in this Court.

9

## NOTICE

16.   Notice of this Motion has been provided by email, facsimile or overnight mail to: (i) the Office of the United States Trustee for the Western District of Pennsylvania, Federal Building, 1000 Liberty Avenue, Suite 1316, Pittsburgh, PA 15222; (ii) counsel to CIBC Bank, U.S.A., Liz Boydston, Max Schlan, and Alexandria Rahn, Gutnicki, LLP, 10440 N. Central Expressway, Suite 800, Dallas, TX 75231; lboydston@gutnicki.com; mschlan@gutnicki.com; arahn@gutnicki.com; (iii) counsel to Cuarzo Healthcare, LLC, Elizabeth A. Green and Andrew Layden, BakerHostetler, 200 South Orange Avenue, Suite 2300, Orlando, FL 32801; egreen@bakerlaw.com; alayden@bakerlaw.com; (iv) lien lis pendens parties (a) Harmony Property Management LLC; (b) Irwin Property Management LLC; (c) New Castle Property Management LLC; (d) New Wilmington Property Management LLC; (e) Latrobe Property Management LLC; and, (f) Washington Property Management LLC in care of Michael A. Shiner, Esq., and Maribeth Thomas, Esq., Tucker Arensberg, PC, 1500 One PPG Place, Pittsburgh, PA 15222; mshier@tuckerlaw.com; mthomas@tuckerlaw.com; (v) U.S. Foods, 9399 West Higgins Road, Rosemont, IL 60018; (vi) Department of Human Services, Office of Long-Term Living, Bureau of Finance, Forum Place 6th Floor, 555 Walnut Street, Harrisburg, PA 17101; (vii) CT Corporation, 330 N. Brand Blvd., Suite 700, Attn: SPRS, Glendale, CA 91203; (viii) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (ix) the list of the 30 largest unsecured creditors of the Debtors on a consolidated basis; (x) U.S. Department of Labor, Office of the Regional Solicitor, 1835 Market Street, Mailstop SOL/22, Philadelphia, PA 19103-2968, Attn: Alejandro A. Herrera, Esq. Herrera.alejandro.a@dol.gov; facsimile (215) 861-5162, and (xi) the following governmental agencies having a regulatory or statutory interest in these Chapter 11 Cases: (a) Internal Revenue

10

Service, PO Box 7346, Philadelphia, PA 19101-7346; (b) United States Attorney's Office for the Western District of Pennsylvania, Attn: Eric G. Olshan, Joseph F. Weis, Jr. United States Courthouse 700 Grant Street, Suite 4000, Pittsburgh, PA 15219; and (c) Commonwealth of Pennsylvania Attorney General, Attn: Michelle A. Henry, 16th Floor, Strawberry Square, Harrisburg, PA 17120. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

WHEREFORE, the Debtors request entry of an order, in the form annexed hereto as Exhibit C, authorizing Omni Agent Solutions, Inc. to act as claims and noticing agent for the Debtors in these chapter 11 bankruptcy cases.

Dated  May 17, 2024
      Pittsburgh, Pennsylvania

Respectfully submitted:

**WHITEFORD TAYLOR & PRESTON, LLP**

*/s/ Daniel R. Schimizzi*
Daniel R. Schimizzi (PA ID No. 311869)
Michael J. Roeschenthaler (PA ID No. 87647)
Mark A. Lindsay (PA ID No. 89487)
Sarah E. Wenrich (PA ID No. 325834)
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222
Telephone: 412-275-2401
Facsimile:  412-275-2404
Email: dschimizzi@whitefordlaw.com
mroeschenthaler@whitefordlaw.com
mlindsay@whitefordlaw.com
swenrich@whitefordlaw.com

*Proposed Local Counsel to the Debtors and
Debtors in Possession*

*-AND-*

11

Glenn B. Rose (*pro hac vice* pending)
Paul G. Jennings (*pro hac vice* pending)
Gene L. Humphreys (*pro hac vice* pending)
Jordan E. Thomas (*pro hac vice* pending)
Alfonso Cuen (*pro hac vice* pending)
**BASS, BERRY & SIMS PLC**
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
grose@bassberry.com
pjennings@bassberry.com
ghumphreys@bassberry.com
jordan.thomas@bassberry.com
alfonso.cuen@bassberry.com

*Proposed Counsel to the Debtors and
Debtors in Possession*