# **EXHIBIT C**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | Case No.: 24-21217-CMB |
| SOUTH HILLS OPERATIONS, LLC, *et al.,*[1] | Chapter 11 *Joint Administration Requested* |
| Debtors. | Doc. No.: |
| SOUTH HILLS OPERATIONS, LLC, *et al.,* | Related to Document No.: |
| Movant, | Hearing Date: |
| -vs - | Hearing Time: |
| NO RESPONDENTS. | Response Deadline: |

**ORDER AUTHORIZING RETENTION AND APPOINTMENT OF**
**OMNI AGENT SOLUTIONS, INC. AS CLAIMS AND NOTICING AGENT UNDER**
**28 U.S.C. § 156(c), 11 U.S.C. § 105(a), AND W. PA. LBR 1002-8 AND**
**GRANTING RELATED RELIEF**

Upon the Section 156(c) Application (the "Application") of South Hills Operations, LLC,

and its debtor affiliates, as debtors and debtors-in-possession (the "Debtors"), for an order

authorizing the retention and appointment of Omni Agent Solutions, Inc. ("Omni") as Claims and

Noticing Agent , under 28 U.S.C. §156(c), section 105(a) of the Bankruptcy Code, and W.PA.LBR

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook-C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835). The Debtors' address is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

1002-8 to, among other things as specifically requested by the Debtors, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtors' Chapter 11 Cases, and (iii) provide such other administrative services – as required by the Debtors – that would fall within the purview of services to be provided by the Debtors or the Clerk's Office; and upon the declaration of Paul H. Deutch, Omni's Executive Vice President, submitted in support of the Application; and the Debtors having estimated that there are in excess of 2,000 creditors in these Chapter 11 Cases, many of which are expected to file proofs of claim; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Omni has the capability and experience to provide such services and that Omni does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of Omni is in the best interests of the Debtors, the estates and creditors; and sufficient cause appearing therefore,

AND NOW this_____day of _____, 2024, it is hereby ORDERED, ADJUDGED, and *DECREED* that:

1.      Notwithstanding the terms of the Standard Services Agreement (the "Services Agreement") attached to the Application, the Application is **GRANTED** solely as set forth in this Order.

2.      The Debtors are authorized to retain Omni as claims and noticing agent effective as of March 13, 2024 under the terms of the Services Agreement, and Omni is, upon request of the Debtors, authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and all related tasks, all as described in the Application, this Order, and the Services Agreement (the "Claims and Noticing Services"). If a conflict exists, this Order controls.

3.      The Clerk shall provide Omni with Electronic Case Filing ("ECF") credentials that allow Omni to receive ECF notifications, file certificates of serve and/or affidavits of service.

4.      Omni shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases and is authorized and directed to maintain official Claims Registers for each of the Debtors, to provide public access to every proof of claim without charge unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.  Proofs of Claim and all attachments may be redacted only as ordered by the Court.

5.      Omni shall provide (i) an electronic interface for filing proofs of claim in these Chapter 11 Cases; and (ii) a post office box or address for the receipt of proofs of claim sent by United States Mail or overnight delivery.

6.      Omni is authorized to take such other action to comply with all duties set forth in the Application and the Services Agreement.

7. The Debtors are authorized to compensate Omni in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Omni and the rates charged for each, and to reimburse Omni for all actual and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

8. Omni shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices in writing.

9. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or Omni's invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Omni under this Order shall be an administrative expense of the Debtors' estates.

11. The Debtors shall indemnify Omni under the terms of the Services Agreement, as modified pursuant to this Order.

12. All requests by Omni for the payment of indemnification as set forth in the Services Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Services Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided however, that in no event shall Omni be indemnified in the

4

case of its own gross negligence or willful misconduct and provided further that all parties' right to object to any request by Omni for indemnification are reserved.

13.    In the event that Omni seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Services Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Omni's own applications, both interim and final, but determined by this Court after notice and a hearing.

14.    In the event Omni is unable to provide the services set out in this Order, Omni will immediately notify the Clerk and Debtors' counsel and cause to have all original proofs of claim and computer information turned over to the Clerk's office or another claims and noticing agent with the advice and consent of the Clerk and Debtors' counsel. After entry of an order terminating Omni's services, upon the close of these Chapter 11 Cases, or for any other reason. Omni shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, or as otherwise directed and shall be compensated by the Debtors for such archiving services.

15.    The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327, W.PA. LBR 1002-9, and/or any applicable law, for work that is to be performed by Omni that is not specifically authorized by this Order.

16.    The Debtors and Omni are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

17.    Notwithstanding any term in the Services Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

18.     Omni shall not cease providing claims processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of the Court.

19.     In the event of any inconsistency between the Services Agreement, the Application and the Order, the Order shall govern.

20.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. The scope of Omni's services may be altered only on separate motion and further order of this Court.

22.     Notwithstanding anything to the contrary in the Engagement Agreement, so long as the Cases are pending (a) the Bankruptcy Court shall have exclusive venue over all matters arising from or relating to Omni's retention in the Cases and this Order, and (b) Omni shall not assess or charge any late fees against Debtors and/or the Debtors' estates.

Prepared by: */s/ Daniel R. Schimizzi*
Daniel R. Schimizzi, Proposed Local Counsel to the Debtors

BY THE COURT:

Date: _____, 2024
    Pittsburgh, PA

_____
Hon. Carlota M. Bohm
United States Bankruptcy Court

6