## EXHIBIT A

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | **Case No.: 24-21217-CMB** |
| **SOUTH HILLS OPERATIONS, LLC, *et al.*,**[1] | **Chapter 11** |
| | *Joint Administration Requested* |
| **Debtors.** | **Doc. No.:** |
| **SOUTH HILLS OPERATIONS, LLC, *et al.*,** | **Related to Document No.:** |
| **Movant,** | **Hearing Date:** |
| -vs - | **Hearing Time:** |
| **P & G BROKERAGE, INC.; FIRST INSURANCE FUNDING, A WINTRUST COMPANY; PHILADELPHIA INSURANCE COMPANIES (PHLY); FEDERAL INSURANCE COMPANY (CHUBB); LANDMARK AMERICAN INSURANCE COMPANY, A BERKSHIRE HATHWAY COMPANY; THE TRAVELERS INDEMNITY COMPANY; THE HARTFORD; KINSALE INSURANCE COMPANY; PENNSYLVANIA PROFESSIONAL LIABILITY JOINT UNDERWRITING ASSOCIATION; and, AMTRUST INSURANCE COMPANY,** | **Response Deadline:** |
| **Respondents.** | |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook-C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835). The Debtors' address is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

**INTERIM ORDER AUTHORIZING DEBTORS TO (I) CONTINUE THEIR INSURANCE AND SURETY BOND PROGRAMS, (II) CONTINUE TO FINANCE INSURANCE AGREEMENTS, (III) PAY ALL PREPETITION AND POSTPETITION OBLIGATIONS WITH RESPECT THERETO, AND (IV) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH INSURANCE OBLIGATIONS**

Upon the *Motion of Debtors for Entry of Interim and Final Orders Authorizing Debtors to (I) Continue Their Insurance and Surety Bond Programs, (II) Continue to Finance Insurance Policies, and (III) Pay All Prepetition and Postpetition Obligations With Respect Thereto; and (IV) Authorizing Banks to Honor and Process Checks and Transfers Related to Such Insurance Obligations* (the "Motion")[2],filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing, but not directing, the Debtors to (i) continue their Insurance Program, Surety Bond Program, and its insurance financing program and honor prepetition and post-petition obligations with respect thereto; and (ii) renew, supplement, modify, extend, terminate, or purchase insurance or bond coverage and finance insurance premiums in the ordinary course of business, as necessary; (b) authorizing and directing applicable banks and financial institutions to honor and process checks and transfers related to such insurance and bond obligations; and (c) granting related relief, as further described in the Motion, and upon consideration of the First Day Declaration and the record of the Chapter 11 Cases, and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, and property of their estates to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b), (iv) venue of the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other

---

[2]Capitalized terms used but not otherwise defined herein shall have the respective meaning ascribed to such terms in the Motion.

notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Order, and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1.    The Motion is **GRANTED** on an interim basis as set forth herein.

2.    The Debtors are authorized, but not required, to pay all pre-petition Insurance and Surety Obligations in connection with the Insurance Program, the Surety Bond Program, and the Insurance Premium Finance Program coming due in the ordinary course of business between the Petition Date and the date set below for the final hearing on this Motion (the "Interim Period"), and those Insurance and Surety Obligations that were due and payable as of the Petition Date.

3.    A final hearing, if required, on the Motion will be held on _____, 2024, at _____ (prevailing Eastern time). Objections or responses, if any, to the entry of a final order on the Motion shall be filed no later than 4:00 p.m. (prevailing Eastern time) on _____, 2024 (the "Objection Deadline") and served so as to be received by the Objection Deadline on (i) proposed counsel to the Debtors, Bass, Berry & Sims PLC, 150 Third Ave. S., Suite 2800, Nashville, Tennessee 37201, Attn: Glenn B. Rose (grose@bassberry.com); and (ii) proposed local counsel to the Debtors, Whiteford, Taylor & Preston, L.L.P., 11 Stanwix St., Suite 1400, Pittsburgh, Pennsylvania 15222, Attn: Daniel R. Schimizzi (dschimizzi@wtplaw.com).

3

4. During the Interim Period, the Debtors are authorized to maintain the Insurance Program, the Surety Bond Program, and the Insurance Premium Finance Program without interruption on the same basis and to the extent consistent with their practices and procedures that were in effect prior to the Petition Date, and to modify, renew, and enter into new arrangements consistent therewith in the ordinary course of business.

5. During the Interim Period, except as set forth below, without further order of this Court, the Debtors are authorized to honor their Insurance and Surety Obligations under the Insurance Program, the Surety Bond Program and its insurance financing program, and to renew the existing Commercial Insurance Policies, Surety Bonds, and Financing Agreements or enter into new arrangements in the ordinary course of business, as may be required as the annual terms of existing arrangements expire. As applicable, pay in their discretion all pre-petition Insurance Obligations for all undisputed premiums, Broker Fees and related claims, Financing Agreement obligations, deductibles, administrative fees, and other obligations relating to the Insurance Program, as applicable, up to a maximum of $275,000 during the Interim Period.

6. The Banks shall be and hereby are authorized and directed to receive, process, honor and pay all checks and fund transfers on account of the Insurance and Surety Obligations that had not been honored and paid as of the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments. The Banks are authorized to rely on the representations of the Debtors as to which checks and fund transfers are authorized to be honored and paid pursuant to this Order.

7. This Order is without prejudice to the rights of the Debtors and their estates to contest the validity, priority, or amounts of any Insurance and Surety Obligations on any grounds

4

they deem appropriate, and any rights of the Debtors and their estates with respect to such matters shall be reserved.

8.      To the extent that any Insurance Program, Surety Bond Program, or its insurance financing program, or any related contract or agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the post-petition assumption of any such program or any related contract or agreement pursuant to section 365 of the Bankruptcy Code.

9.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order or any payment made pursuant to this Order shall constitute, nor it is intended to constitute: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

10.     Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

11.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

**IT IS SO ORDERED.**

Prepared by:

/s/ Daniel R. Schimizzi
Daniel R. Schimizzi, Proposed Local Counsel for the Debtors

BY THE COURT:

Date:_____, 2024          _____
Pittsburgh, PA                               Hon. Carlota M. Bohm
                                             United States Bankruptcy Court