**EXHIBIT A**

Proposed Interim Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>**SOUTH HILLS OPERATIONS, LLC,** *et al.,*[1]<br><br>Debtors. | Case No.: 24-21217-CMB<br><br>Chapter 11<br>*Joint Administration Requested*<br><br>Doc. No.: |
| **SOUTH HILLS OPERATIONS, LLC,** *et al.,*<br><br>Movant,<br><br>-vs -<br><br>NO RESPONDENTS. | Related to Document No.:<br><br>Hearing Date:<br><br>Hearing Time: |

### INTERIM ORDER AUTHORIZING PAYMENT OF PREPETITION OBLIGATIONS OWED TO PATIENT CARE CRITICAL VENDORS

Upon consideration of the *Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing Payment of Prepetition Obligations owed to Patient Care Critical Vendors* (the "Motion"), filed by the above-captioned debtors (the "Debtors")[2]; all as further described in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and having

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook-C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835). The Debtors' address is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

[2] Capitalized terms used but not defined in this order have the meanings given in the Motion.

heard the statements of counsel at the hearing on the Motion; and the Court finding that: (i) the Court has jurisdiction over the Debtors, their estates, property of the estates, and this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) the Court may enter a final order consistent with Article III of the United States Constitution; (iii) this is a core proceeding under 28 U.S.C. § 157(b); (iv) venue of this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion and the hearing thereon was sufficient under the circumstances; (vi) the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and (vii) the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 503(b)(9) of the Bankruptcy Code, in the reasonable exercise of their business judgment, to pay some or all of the Patient Care Critical Vendor Claims.

3. The Debtors' payment of Patient Care Critical Vendor Claims shall not exceed $150,000 in the aggregate during the period from the date of this Interim Order until the date that a final order is entered in this matter (during such period, the "Patient Care Critical Vendor Cap"), unless otherwise ordered by the Court, as set forth herein.

4. The Debtors are authorized to negotiate trade terms with any Patient Care Critical Vendor, as a condition to payment of any Patient Care Critical Vendor Claim, that vary from the Customary Trade Terms (the "Negotiated Trade Terms") to the extent the Debtors determine that

2

such terms are necessary to procure essential goods or services or are otherwise in the best interests of the Debtors' estates.

5. A Patient Care Critical Vendor's acceptance of payment is deemed to be acceptance of the terms of this Order, and if the Patient Care Critical Vendor thereafter does not provide the Debtors with Customary Trade Terms or Negotiated Trade Terms during these Chapter 11 Cases, then any payments of prepetition claims made after the Petition Date may be deemed to be unauthorized postpetition transfers and therefore recoverable by the Debtors in the Chapter 11 Cases.

6. The Debtors, in their sole discretion, may require Patient Care Critical Vendors (including Patient Care Critical Vendors with claims under section 503(b)(9) of the Bankruptcy Code) to enter into an agreement (the "Vendor Agreement") including provisions substantially in the form attached to the Motion as **Exhibit C** as a condition to paying a Patient Care Critical Vendor Claim. However, the Debtors' inability to enter into a Vendor Agreement shall not preclude them from paying a Patient Care Critical Vendor Claim when, in their sole discretion, such payment is necessary to the Debtors' operation.

7. As a further condition of receiving payment on a Patient Care Critical Vendor Claim, the Debtors are authorized, in their sole discretion, to require that such Patient Care Critical Vendor agree to take whatever action is necessary to remove any trade liens at such Patient Care Critical Vendor's sole cost and expense and waive any right to assert a trade lien on account of the paid Patient Care Critical Vendor Claim.

8. In accordance with this Interim Order and any other order of this Court, each of the financial institutions at which the Debtors maintain accounts relating to the payment of the obligations described in the Motion are authorized to receive, process, honor, and pay any and all

3

checks, drafts, wires, and automated clearing house transfers issued, whether before or after the Petition Date, for payment of obligations described in the Motion to the extent that sufficient funds are on deposit in such amounts.

9. The Debtors are authorized to issue postpetition checks, or to affect postpetition wire transfer requests, in replacement of any checks or wire transfer requests in respect of payments of prepetition obligations described in the Motion that are dishonored or rejected.

10. If the Debtors, in their sole discretion, determine that a Patient Care Critical Vendor has not complied with the terms and provisions of the Vendor Agreement or has failed to continue to provide Customary Trade Terms following the date of the Vendor Agreement, or on such terms as were individually agreed to between the Debtors and such Patient Care Critical Vendor, the Debtors may terminate a Vendor Agreement, together with the other benefits to the Patient Care Critical Vendor as contained in this Interim Order, provided, however, that the Vendor Agreement may be reinstated if (i) such determination is subsequently reversed by the Court for good cause after it is shown that the determination was materially incorrect after notice and a hearing following a motion from the Patient Care Critical Vendor, (ii) the underlying default under the Vendor Agreement is fully cured by the Patient Care Critical Vendor not later than five (5) business days after the date the initial default occurred, or (iii) the Debtors, in their sole discretion, reach a subsequent agreement with the Patient Care Critical Vendor.

11. If a Vendor Agreement is terminated as set forth above, or if a Patient Care Critical Vendor that has received payment of a prepetition claim later refuses to continue to supply goods or services for the applicable period in compliance with the Vendor Agreement or this Interim Order, then the Debtors may declare such payments to have been unauthorized postpetition transfers under section 549 of the Bankruptcy Code, and may take any and all appropriate steps to

4

cause such Patient Care Critical Vendor to repay payments made to it on account of its Patient Care Critical Vendor Claim, or, at the Debtors' option, apply such payments as credits against any outstanding postpetition claim held by such Patient Care Critical Vendor. Upon recovery of a payment made in respect to a Patient Care Critical Vendor Claim, such claim shall be reinstated as a claim in the amount so recovered, less the Debtors' reasonable costs of recovery.

12. Nothing contained in this Interim Order shall be deemed to constitute (i) a rejection, assumption, or postpetition reaffirmation of any executory contract or to require the Debtors to make any of the payments or to post any of the deposits authorized herein, (ii) a grant of third-party beneficiary status or bestowal of any additional rights on any third-party, or (iii) a waiver of any rights, claims, or defenses of the Debtors.

13. Nothing in this Interim Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis for any claims against the Debtors arising in connection with the Patient Care Critical Vendor Claims.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) because the relief granted in this Interim Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. The contents of the Motion satisfy the requirements of Bankruptcy rule 6003(b).

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

18. A final hearing to consider the relief requested in the Motion shall be held on _____, 2024, at \_\_\_\_ (prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to,_____ 2024, at 4:00 pm (prevailing Eastern Time).

19. The Debtors are authorized and empowered to take all reasonable actions necessary to implement the relief granted in this Interim Order.

20. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Interim Order.

21. Proposed counsel for the Debtors shall serve or cause to be served a copy of this Interim Order on the proposed master service list and file a certificate of service within three business days of entry of this Interim Order. Notice of the Interim Order by ECF or e-mail shall constitute good and sufficient notice of the Interim Order.

Prepared by:

Prepared by: */s/ Daniel R. Schimizzi*
Daniel R. Schimizzi, Proposed Local Counsel to the Debtors

                                                       BY THE COURT:

Date: _____, 2024    _____
      Pittsburgh, PA                                Hon. Carlota M. Bohm
                                                   United States Bankruptcy Court