**EXHIBIT B**

Proposed Final Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>**SOUTH HILLS OPERATIONS, LLC,** *et al.*,[1]<br><br>Debtors. | Case No.: 24-21217-CMB<br><br>Chapter 11<br>*Joint Administration Requested*<br><br>Doc. No.: |
| **SOUTH HILLS OPERATIONS, LLC,** *et al.*,<br><br>Movant,<br><br>-vs -<br><br>NO RESPONDENTS. | Related to Document No.:<br><br>Hearing Date:<br><br>Hearing Time: |

**FINAL ORDER AUTHORIZING PAYMENT OF PREPETITION
OBLIGATIONS OWED TO PATIENT CARE CRITICAL VENDORS**

Upon consideration of the *Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing Payment of Prepetition Obligations owed to Patient Care Critical Vendors* (the "Motion"), filed by the above-captioned debtors (the "Debtors")[2]; all as further described in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and having

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook-C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835). The Debtors' address is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

[2] Capitalized terms used but not defined in this order have the meanings given in the Motion.

heard the statements of counsel at the hearing on the Motion; and the Court finding that: (i) the Court has jurisdiction over the Debtors, their estates, property of the estates, and this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) the Court may enter a final order consistent with Article III of the United States Constitution; (iii) this is a core proceeding under 28 U.S.C. § 157(b); (iv) venue of this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion and the hearing thereon was sufficient under the circumstances; (vi) the relief sought in the Motion is in the best interests of the Debtors, the estates, creditors, and all parties in interest; and (vii) the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is **GRANTED** as set forth in this Final Order.

2. All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 503(b)(9) of the Bankruptcy Code, in the reasonable exercise of their business judgment, to pay some or all of the Patient Care Critical Vendor Claims.

4. The Debtors' payment of Patient Care Critical Vendor Claims (which include claims under section 503(b)(9) of the Bankruptcy Code) shall not exceed $200,000 in the aggregate, unless otherwise ordered by the Court, as set forth herein (the "Patient Care Critical Vendor Cap").

5. The Debtors are authorized to negotiate trade terms with any Patient Care Critical Vendor, as a condition to payment of any Critical Vendor Claim, that vary from the Customary

2

Trade Terms (the "Negotiated Trade Terms") to the extent the Debtors determine that such terms are necessary to procure essential goods or services or are otherwise in the best interests of the Debtors' estates.

6. A Patient Care Critical Vendor's acceptance of payment is deemed to be acceptance of the terms of this Final Order, and if the Patient Care Critical Vendor thereafter does not provide the Debtors with Customary Trade Terms or Negotiated Trade Terms during these Chapter 11 Cases, then any payments of prepetition claims made after the Petition Date may be deemed to be unauthorized postpetition transfers and therefore recoverable by the Debtors in these Chapter 11 Cases.

7. The Debtors, in their sole discretion, may require Patient Care Critical Vendors (including Patient Care Critical Vendors with claims under section 503(b)(9) of the Bankruptcy Code) to enter into an agreement (the "Vendor Agreement") including provisions substantially in the form attached to the Motion as **Exhibit C** as a condition to paying a Patient Care Critical Vendor Claim. However, the Debtors' inability to enter into a Vendor Agreement shall not preclude it from paying a Patient Care Critical Vendor Claim when, in their sole discretion, such payment is necessary to the Debtors' operations.

8. As a further condition of receiving payment on a Patient Care Critical Vendor Claim, the Debtors are authorized, in their sole discretion, to require that such Patient Care Critical Vendor agree to take whatever action is necessary to remove any trade liens at such Patient Care Critical Vendor's sole cost and expense and waive any right to assert a trade lien on account of the paid Patient Care Critical Vendor Claim.

9. In accordance with this Final Order and any other order of this Court, each of the financial institutions at which the Debtors maintain accounts relating to the payment of the

3

obligations described in the Motion is authorized to receive, process, honor, and pay any and all checks, drafts, wires, and automated clearing house transfers issued, whether before or after the Petition Date, for payment of obligations described in the Motion to the extent that sufficient funds are on deposit in such amounts.

10. The Debtors are authorized to issue postpetition checks, or to affect postpetition wire transfer requests, in replacement of any checks or wire transfer requests in respect of payments of prepetition obligations described in the Motion that are dishonored or rejected.

11. If the Debtors, in their sole discretion, determine that a Patient Care Critical Vendor has not complied with the terms and provisions of the Vendor Agreement or has failed to continue to provide Customary Trade Terms following the date of the Vendor Agreement, or on such terms as were individually agreed to between the Debtor and such Patient Care Critical Vendor, the Debtors may terminate a Vendor Agreement, together with the other benefits to the Patient Care Critical Vendor as contained in this Final Order, provided, however, that the Vendor Agreement may be reinstated if: (i) such determination is subsequently reversed by the Court for good cause after it is shown that the determination was materially incorrect after notice and a hearing following a motion from the Patient Care Critical Vendor; (ii) the underlying default under the Vendor Agreement is fully cured by the Patient Care Critical Vendor not later than five (5) business days after the date the initial default occurred; or (iii) the Debtors, in their sole discretion, reach a subsequent agreement with the Patient Care Critical Vendor.

12. If a Vendor Agreement is terminated as set forth above, or if a Patient Care Critical Vendor that has received payment of a prepetition claim later refuses to continue to supply goods or services for the applicable period in compliance with the Vendor Agreement or this Final Order, then the Debtors may declare such payments to have been unauthorized postpetition transfers

under section 549 of the Bankruptcy Code, and may take any and all appropriate steps to cause such Patient Care Critical Vendor to repay payments made to it on account of its Patient Care Critical Vendor Claim, or, at the Debtors' option, apply such payments as credits against any outstanding postpetition claim held by such Patient Care Critical Vendor. Upon recovery of a payment made in respect to a Patient Care Critical Vendor Claim, such claim shall be reinstated as a claim in the amount so recovered, less the Debtors' reasonable costs of recovery.

13. Nothing contained in this Final Order shall be deemed to constitute (i) a rejection, assumption, or postpetition reaffirmation of any executory contract or to require the Debtors to make any of the payments or to post any of the deposits authorized herein, (ii) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, or (iii) a waiver of any rights, claims, or defenses of the Debtors.

14. Nothing in this Final Order or the Motion shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis for any claims against the Debtor arising in connection with the Patient Care Critical Vendor Claims.

15. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

17. The Debtors are authorized and empowered to take all reasonable actions necessary to implement the relief granted in this Order.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

19. Counsel for the Debtors shall serve or cause to be served a copy of this Final Order on the master service list and file a certificate of service within three business days of entry of this

5

Final Order. Notice of the Final Order by ECF or e-mail shall constitute good and sufficient notice of the Final Order.

Prepared by: */s/ Daniel R. Schimizzi*
Daniel R. Schimizzi, Proposed Local Counsel to the Debtors

                                              BY THE COURT:

Date: _____, 2024        _____
    Pittsburgh, PA                                Hon. Carlota M. Bohm
                                                United States Bankruptcy Court