## **EXHIBIT B**

Proposed Final Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | Case No.: 24-21217 |
| **SOUTH HILLS OPERATIONS, LLC,** *et al.,*[1] | Chapter 11 *Joint Administration Requested* |
| Debtors. | Doc. No.: |
| **SOUTH HILLS OPERATIONS, LLC,** *et al.,* | Related to Document No.: |
| Movant, | Hearing Date: |
| -vs - | Hearing Time: |
| NO RESPONDENTS. | Response Deadline: |

**FINAL ORDER
(I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION WAGES, BENEFITS AND OTHER COMPENSATION OBLIGATIONS, (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL OBLIGATIONS RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[2] of the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an interim order (the "<u>Interim Order</u>") and a

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook-C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835). The Debtors' address is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

[2] Capitalized terms not defined herein are used as defined in the Motion.

final order (this "Final Order") pursuant to Bankruptcy Code §§ 105(a), 363, 507 and 541, Bankruptcy Rules 6003(b) and 6004 and W. PA. LBR 1002-6(e)(12): (i) authorizing the Debtors to pay and honor certain prepetition wages, benefits and other compensation obligations; (ii) authorizing payments under the Non-Insider Incentive Program; (iii) authorizing and directing banks and financial institutions to receive, process, honor and pay checks presented for payment and electronic payment requests relating to prepetition employee wages and benefits; and (iv) granting related relief, all as more fully described in the Motion; and the Court having previously entered the Interim Order; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in a reasonable exercise of their business judgment, to: (i) pay or otherwise honor the Employee Obligations; (ii) honor and continue the Employee Programs that were in effect as of the Petition Date in the ordinary course of business; and (iii) make all Withholding Obligation payments relating to the Employee Obligations as required by law; provided, however, that, except as otherwise provided in this Final Order, the aggregate of cash payments provided for in this paragraph shall not exceed the Priority Cap per individual Employee as provided in Bankruptcy Code § 507(a)(4)–(5), provided further, that aggregate payments on account of Employee Obligations will not exceed $4,395,500 pursuant to this Final Order.  For the avoidance of doubt, this authority is inclusive of any prepetition

2

amounts that may become payable under this Final Order to third-party service providers that administer, insure, or otherwise facilitate the Employee Obligations.

3. The Debtors are authorized, but not directed, to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored because of these Chapter 11 Cases with respect to prepetition amounts owed to their Employees.

4. All banks and other financial institutions are hereby directed to receive, process, honor, and pay any and all checks presented for payment and electronic transfer requests made by the Debtors related to the payment of the obligations described in the Motion and approved herein, whether such checks were presented or such electronic transfer requests were submitted before, or are presented or submitted after, the Petition Date. All such banks and financial institutions are further directed to rely on the Debtors' designation of any check or electronic payment request as approved pursuant to this Final Order.

5. Subject to the requirements of this Final Order, the Debtors are authorized, but not directed, to modify, change and/or discontinue any of the Employee Obligations to implement new Employee Obligations in the ordinary course of business during the pendency of these Chapter 11 Cases in their discretion without the need for further Court approval. Notwithstanding the foregoing, nothing in this Final Order authorizes or approves any payments or transfers subject to Bankruptcy Code § 503(c). Further, nothing in this Final Order shall be deemed to violate or permit a violation of Bankruptcy Code § 503(c).

6. Nothing in the Motion or in this Final Order is intended or should be construed as (a) an admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any claim, including the validity or priority thereof or (c) an approval or

assumption of any agreement, contract or lease whether under section 365(a) of the Bankruptcy Code or otherwise.  Likewise, any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

7. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Final Order.

8. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied, and the relief requested herein is necessary to avoid immediate and irreparable harm.

9. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof.

10. This Court shall retain jurisdiction to hear and determine all matters related to the interpretation or implementation of this Final Order.

Prepared by:

/s/
_____
Daniel R. Schimizzi, Proposed Local Counsel to the Debtors

BY THE COURT:

Date: _____, 2024      _____
    Pittsburgh, PA                            United States Bankruptcy Court

4