**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>SOUTH HILLS OPERATIONS, LLC et.al,[1]<br><br>Debtor, | Bankruptcy No.: 24-21217-CMB<br><br>Chapter 11, Jointly Administered |
| VANTAGE DME, LLC, dba VANTAGE HOME MEDICAL EQUIPMENT AND SERVICES,<br><br>Movant,<br>v.<br><br>SOUTH HILLS OPERATIONS, et. al.<br><br>Respondent. | Hearing Date: December 19, 2024 at 1:30 p.m.<br><br>Response Date: December 2, 2024 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY, AND ADEQUATE PROTECTION, AND MOTION TO COMPEL DEBTOR TO ASSUME OR <u>REJECT EXECUTORY CONTRACTS</u>**

AND NOW comes VANTAGE DME, LLC, dba VANTAGE HOME MEDICAL EQUIPMENT AND SERVICES a/k/a ARMSCARE, INC. ("Vantage" or Movant") by and through its counsel Pietragallo Gordon Alfano Bosick & Raspanti LLP and submits this Motion Relief from Automatic Stay, or in the Alternative Adequate Protection requiring the Debtors to immediately pay the unpaid and future post-petition administrative invoices now due, or to become due, to the Movant and to Compel Debtor to Assume or Reject its Executory Contracts with Movant (the "<u>Motion</u>"). In support of the Motion, Movant states the following:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook- C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835). The Debtors' address is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

## JURISDICTION

1. On May 17, 2024 ("Petition Date") the above captioned Debtor(s) filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Pennsylvania.

2. On May 21, 2024, this Court Ordered the Joint administration of the respective Chapter 11 bankruptcies as requested by the Debtors.

3. This Court has jurisdiction pursuant 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. 157(b). Venue is proper in this District pursuant to 28 U.S.C. § 1408 and 1409.

## BACKGROUND

4. Vantage DME, LLC, dba Vantage Home and Medical Equipment a/k/a Armscare Inc. ("Vantage" or "Movant") is a durable medical equipment and oxygen services provider to commercial medical care facilities and residential customers as required by their providers including the debtors in these bankruptcy proceedings. As part of its contract services, Movant offers and supplies to the Debtor facilities, durable medical equipment and goods including: oxygen, wound vacuums, mobility and safety aids, and various other healthcare equipment required and prescribed for the debtors' care of their patients residing in the various debtor facilities.

5. Prior to the Petition Date in early 2024, Debtors each entered into medical equipment supply contracts with the Movant who agreed to provide medical products and related services for the benefit and safety of the Debtors' patients which were to delivered and supplied under the respective contractual agreements to the Debtors' facilities in return for timely payment. A true and correct copy of the respective contract between Vantage and the Debtors, all of which

are all virtually identical as to their form and terms, is attached hereto collectively as Exhibit "A". True and correct copies of all of the respective contracts for each Debtor with Vantage is available and will be provided upon the request of the Court or any party in interest.

6. Subsequent to the Petition Date, Debtor, its staff and patients continued to utilize the Movant's contract services and to receive contract goods and products pursuant to the respective contract terms without payment to Movant but, for which the Debtors are believed to have received reimbursement from patient insurance and coverage providers.

7. Debtor's ongoing administrative expense post-petition utilization of the contract goods supplied by Vantage to Debtors for their patients' care has failed to result in any payment by the Debtors for any of the goods and services ordered and delivered by the Movant to the Debtors' facilities and patients since the Debtors' petition date or at any time thereafter during the administrative operations of the Debtors in Chapter 11.

8. The lack of any payment of any of the monthly invoices due and owing to the Movant by the Debtors since the petition date as resulted in the accumulation of administrative debts now totaling over $151,981.65 due to Vantage and denying Vantage any adequate assurance of payment despite the Debtors' select payment of "some" its administrative claims and professional fees.

9. The Debtors' have knowingly and intentionally allowed administrative debts due to their vendors to accrue as unpaid administrative priority debts without any adequate protection, reservation of funds and/or assurance of future payment by the Debtors to those vendors.

10. As Movant has continued to provide necessary goods and necessary equipment to the Debtors for their patients' care for which the Debtors have been paid by the patients or their insurance carriers, the debtor has accumulated a total current indebtedness due to the Movant, as

3

of November 6, 2024 of $198,132.88 and have failed to pay any of the post-petition administrative invoices due to Movant despite being reimbursed by their patients' insurance carriers and other elder care carriers from which the Debtors continue to receive reimbursement for the Movant equipment and services.

11. The Debtor has now accumulated, as of November 6, 2024 unpaid and past due invoices for post-petition patient medical equipment, oxygen supply and other services due to Movant in the unpaid sum of $ $151,981.65 as well as ongoing invoices. The Debtors have also failed to pay the additional sum due to Movant of $52,068.44 for pre-petition medical equipment and patient supplies for a total indebtedness owed to Movant of $198,132.88 plus the ongoing services and equipment currently being provided to the Debtor facilities without any assurance of payment by the Debtors, all while the Debtor continues to receive reimbursement for the Movant's equipment and services from their patients.

12. Movant continues to provide post-petition medical equipment and supplies, despite the fact that the Debtors have failed to pay all of its administrative expense post-petition insurance premiums and continues to fall further into arrearages. The debtor has also not presented any offer or proposal to pay its past due or to prevent further unpaid administrative expenses all while unjustly enriching itself while under Bankruptcy Court protection.

## RELIEF REQUESTED

I. Relief from the Automatic Stay, or in the Alternative, Adequate Protection

13. Pursuant to 11 U.S.C. § 362, Movant is prohibited from terminating the contracts with the Debtors despite the Debtor's failure to pay the requisite administrative expenses or to provide the Movant with any adequate protection or assurance of payment of its administrative expenses.

14. Movant seeks relief from the automatic stay in order to issue the contractual notice of termination under the contract terms.

15. Relief from the automatic stay is proper for cause, including Movant's lack of adequate protection by payment for the ongoing medical equipment and supplies provided by Movant since the Debtor's filing of Chapter 11 Bankruptcy Petition date.

16. Movant is continuing to provide medical equipment and supplies at Debtors' request to the Debtor's patients while Debtor is being reimbursed for the value of the equipment and supplies being supplied by Movant while Debtor is effectively converting Movant's property, billing for reimbursements, and getting paid for good and services while under the protection of this Court and the Code's automatic stay.

17. Movant further seeks immediate adequate protection payments of all post-petition amounts due and hereinafter becoming due to Movant in the future while Debtor continues to use and accept the Movant's equipment and supplies without payment.

18. Where the Debtor has received reimbursement from the patient's insurance carriers and providers, the Debtors must be required to immediately pay all post-petition sums due and becoming due to Movant.

19. Movant, while supplying necessary medical equipment and supplies as ordered by the Debtors for the care of the Debtor's patients and for which the Debtor is being reimbursed, is entitled to immediate payment where the Debtor continues to use and convert Movant's property while not paying for any of the Movant's goods and supplies being used by the Debtors.

20. The Debtors' conduct and lack of payment of its administrative debts while receiving insurance and provider reimbursements for expenses the Debtors never paid, constitutes conversion by fraud.

21. The Debtors conduct to date and the fact that it has sought and obtained liquidation of all of its assets under the protection of this Court, make it substantially uncertain whether there will ever be a reorganization under Chapter 11 of these Debtors or payment of its administrative expenses.

WHEREFORE, MOVANT respectfully requests that this Court enter an Order granting Movant, Vantage DME, LLC, relief from the automatic stay to allow Movant to immediately terminate all the Debtors Medical Equipment and Supply contracts with Debtors and that Debtors be required and ordered to immediately pay adequate protection to the Movant by the payment of all of its currently past due post-petition indebtedness owed to Vantage since the Petition date in the amount of $ 151,981.65, together with the ongoing and timely monthly payment of any and all post-petition invoices in accordance with their terms.

                Respectfully submitted,

                PIETRAGALLO GORDON ALFANO
                 BOSICK & RASPANTI, LLP

                */s/ Richard J. Parks*
                Richard J. Parks, Esq
                Pa. Supreme Court ID No. 40477
                John W. Kettering, Esq
                Pa. Supreme Court ID No. 316945
                7 West State Street, Suite 100
                Sharon, PA 16146
                Phone: 724-981-1397

#11136834

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>SOUTH HILLS OPERATIONS, LLC et.al,[1]<br><br>Debtor, | Bankruptcy No.: 24-21217-CMB<br><br>Chapter 11, Jointly Administered |
| VANTAGE DME, LLC, dba VANTAGE HOME MEDICAL EQUIPMENT AND SERVICES,<br><br>Movant ,<br>v.<br><br>SOUTH HILLS OPERATIONS, et. al.<br><br>Respondent. | Hearing Date :December 19, 2024 at 1:30 p.m.<br><br>Response Date: November 22, 2024 |

## ORDER

AND NOW this _____ day of _____, 2024 it is hereby ORDERED, ADJUDGED and DECREED that:

(1) the automatic stay of § 362(a) is vacated to permit VANTAGE DME, LLC to immediately terminate all of its Medical Device Sale and Supply Contracts with the Debtors without any further notice of cancellation;

(2) Debtor is further required to provide Vantage DME, LLC immediate adequate protection payment of the accumulated post-petition invoice arrears due by the Debtors in the amount of $151,981.65 plus any additional sum that have accrued so that all unpaid invoices through the date of the termination of services by Vantage be paid in full within 5 days of the date of this Order.

By the Court:

_____
United States Bankruptcy Judge

**Error! Unknown document property name.**

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: <br><br> SOUTH HILLS OPERATIONS, LLC et.al.,[1] <br><br> Debtor, | Bankruptcy No.: 24-21217-CMB <br><br> Chapter 11, Jointly Administered |
| VANTAGE DME, LLC, dba VANTAGE HOME MEDICAL EQUIPMENT AND SERVICES, <br><br> Movant, <br> v. <br><br> SOUTH HILLS OPERATIONS, et. al. <br><br> Respondent. | Hearing Date: December 19, 2024 at 1:30 p.m. <br><br> Response Date: November 22, 2024 |

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 14, 2024 the within Motion for Relief from Automatic Stay was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those registered to receive CM/ECF notification as well as the following:

Office of the United States Trustee
1000 Liberty Avenue, Suite 1316
Pittsburgh, PA 15222
*U.S. Trustee*

South Hills Operations, LLC
485 Lexington Ave.
New York, New York 10017
*Debtor*

.

          */s/ Richard J. Parks*
Richard J. Parks
Pa. Supreme Court ID No. 40477
John W. Kettering, Pa. Supreme Court ID No. 316945
PIETRAGALLO GORDON ALFANO
  BOSICK & RASPANTI, LLP
7 West State Street, Suite 100
Sharon, PA 16146
(724) 981-1397
Attorney for Movant

**Error! Unknown document property name.**

**Error! Unknown document property name.**