# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>SOUTH HILLS OPERATIONS, LLC, et al.,[1]<br><br>Debtors. | Case No.: 24-21217-CMB<br><br>Chapter 11<br>*Jointly Administered*<br><br>Doc. No.: |
| SHERRI FREEMAN, Administrator of the Estate of RODERICK WAYNE HUGHLEY, Deceased,<br><br>Movant,<br><br>vs.<br><br>MURRYSVILLE OPERATIONS, LLC d/b/a MURRYSVILLE REHABILITATION AND WELLNESS CENTER;<br><br>Respondent. | Related Doc. Nos.: 889, 891, 935, 937, 1087<br><br>Hearing Date: January 15, 2025<br><br>Hearing Time: 10:00 A.M.<br><br>Response Deadline: January 8, 2025 |

**REVISED CONSENT ORDER MODIFYING THE AUTOMATIC STAY AFFORDED BY 11 U.S.C. §362**

Upon consideration of the *Movant's Motion for Relief From Automatic Stay of 11 U.S.C. §362* filed by the above-captioned Movant; and the Court having reviewed the Motion; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook-C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835).

1

having heard the statements of counsel at the hearing on the Motion; and the Court finding that: (i) the Court has jurisdiction over the Debtors, their estates, property of the estates, and this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) the Court may enter a final order consistent with Article III of the United States Constitution; (iii) this is a core proceeding under 28 U.S.C. § 157(b); (iv) venue of this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion and the hearing thereon was sufficient under the circumstances; (vi) the relief sought in the Motion is in the best interests of the Movant and all parties in interest; and (vii) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

        **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is **GRANTED** and the stay afforded by 11 U.S.C. §362 hereby is modified to permit Movant to continue the civil action against the Debtor Murrysville Operations, LLC d/b/a Murrysville Rehabilitation and Wellness Center pending in the Court of Common Pleas of Westmoreland County, Pennsylvania at 4225 of 2022 (the "Civil Action").

2. Movant agrees to only continue the Civil Action against the Debtor in order to recover from the proceeds of any available liability insurance and any available state-based insurance pursuant to the MCARE Act. However, given the uncertain nature of the availability of insurance for the claims asserted in the Civil Action, with regards to the entry of Default Judgement, Movant is permitted to preserve her Proof of Claim only until such time that the Debtor's insurance carrier(s) assumes or provides coverage with respect to the Civil Action.

3. Movant agrees that immediately upon assumption or provision of coverage with respect to the claims asserted in the Civil Action by the Debtor's insurance carrier(s), Movant's recovery will be expressly limited to the proceeds of the available liability insurance and any available state-based insurance pursuant to the MCARE Act. Further, immediately upon

assumption or provision of coverage with respect to the claims asserted in the Civil Action by the Debtor's insurance carrier(s), Movant will waive any and all claims against the Debtors related to the Civil Action (other than the right to recover insurance proceeds) and will immediately withdraw her Proof of Claim.

4. Should Debtor's insurance carrier(s) fail to assume or provide coverage with respect to the claims asserted in the Civil Action, Movant will be permitted to pursue recovery from the bankruptcy estate through her Proof of Claim. Movant agrees that if she pursues recovery from the bankruptcy estate, she expressly waives her ability to continue the Civil Action against the Debtor in any and all respects and agrees to re-instating the Automatic Stay. Debtors, and any other party-in-interest, shall retain the right to object to Movant's Proof of Claim in the event that Movant pursues recovery from the bankruptcy estate through her Proof of Claim.

5. For the avoidance of any doubt, Movant acknowledges that she is not permitted to recover from both the bankruptcy estate and any available liability insurance. Rather, Movant is permitted to pursue recovery from either, but not both, the bankruptcy estate **OR** any available liability insurance. Further, Movant acknowledges that nothing in this Order determines the availability of insurance proceeds or the terms and conditions of any insurance policy, and all insurers' rights and remedies are reserved, and Movant acknowledges that the Debtors are not paying any deductible, self-insured retention or other amount related to the Civil Action or to any applicable insurance policy.

6. All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

7. The Movant is authorized and empowered to take all reasonable actions necessary to implement the relief granted in this Order.

8. Counsel for the Debtors shall serve or cause to be served a copy of this Final Order on the master service list and file a certificate of service within three business days of entry of this Final Order. Notice of the Final Order by ECF or e-mail shall constitute good and sufficient notice of the Final Order.

9. Counsel for the Debtors has reviewed this Revised Consent Order and has agreed to the provisions herein.

Prepared by: /s/ Allison H. Greene
Allison H. Greene, Esquire, Counsel for Sherri Freeman

BY THE COURT:

Date: _____, 2024
 Pittsburgh, PA

Carlota M. Böhm, Judge
United States Bankruptcy Court

4