IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| ) | |
| SOUTH HILLS OPERATIONS, LLC, ) | Case No. 24-21217-CMB |
| *et al.*,[1] ) | Chapter 11 |
| ) | Jointly Administered |
| Debtors. ) | |

## APPLICATION FOR ALLOWANCE AND PAYMENT OF
## ADMINISTRATIVE EXPENSE PRIORITY CLAIM
## UNDER ASCOT LONG TERM CARE INSURANCE PROGRAM

Syndicate ASC 1414 Lloyd's of London ("Ascot"), a creditor and party in interest that provided insurance coverage to the Debtors as part of their insurance program reflected in *Long Term Care Policy for Coverage with Ascot Syndicate, Lloyd's of London* (the "Ascot Insurance Program"), hereby applies for entry of an order pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2) allowing and directing payment in full of Ascot's claim for the mediated settlement amount of $87,500.00 on behalf of Cheswick within the deductible, which reduces Cheswick's remaining deductible and preserves the availability of coverage for Cheswick and its bankruptcy estate for the other pending claims potentially covered by such policy. In support thereof, Ascot respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149); Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); MaybrookC Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835).

## Jurisdiction

1. On May 17, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code").

2. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue in this district is proper under 28 U.S.C. § 1408 and 1409.

## Background

3. Prior to the Petition Date, Debtors Cheswick Rehabilitation and Wellness Center, LLC (Case No. 24-21232) ("Cheswick") and North Strabane Rehabilitation and Wellness Center, LLC (Case No. 24-21235) ("North Strabane") entered into the Ascot Insurance Program.

4. Under the Ascot Insurance Program, Ascot provides the Debtors with certain insurance coverage on the terms and conditions set forth in the policies, including general liability, professional liability, and other liability coverage.

5. The policies issued as part of the Ascot Insurance Program each include a $100,000.00 deductible amount per occurrence, such that the Debtors are required to pay the first $100,000.00 per claim to fund any settlements or judgments in order to maintain and access coverage under the policies. (Whether defense costs are included in the deductible depends on the policy.)

6. Prior to the Petition Date and continuing during these chapter 11 cases, at least 4 claimants are pursuing recovery under the Ascot Insurance Program for their tort claims against the Debtors.

7. One such claim was brought by Susan O'Donnell, individually and as the Administrator of the Estate of Justin Jay O'Donnell, deceased, against Cheswick, among others (the "O'Donnell Claim").

8. On June 12, 2024, this Court entered its *Final Order Modifying the Automatic Stay Afforded by 11 U.S.C. § 362* [Docket No. 228] (the "Stay Relief Order") to permit the O'Donnell Claim to proceed. The Stay Relief Order expressly provided that "nothing in this Order determines the availability of insurance proceeds or the terms and conditions of any insurance policy, and all insurers' rights and remedies are reserved, and Movant acknowledges that the Debtors are not paying any deductible, self-insured retention or other amount related to the Civil Action or to any applicable insurance policy." Stay Relief Order, ¶ 2.

9. On October 22, 2024, Ascot timely filed proofs of claim against Cheswick and North Strabane for deductible amounts that may come due after the Petition Date. Those proofs of claim expressly reserved Ascot's right to request treatment of some or all of Ascot's claims as administrative expense priority claims under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

10. On November 6, 2024, the O'Donnell Claim was mediated, which resulted in a settlement in the amount of $87,500.00 (the "Settlement Amount").[2]

11. Because the Settlement Amount falls entirely within the applicable deductible, Ascot is entitled to allowance and payment of that amount as an administrative expense priority claim in order to meet the terms and conditions of the Ascot Insurance Program and thereby

---

[2] The settlement and release documents are not attached because they are confidential, and Ascot understands that Cheswick already has copies. Those documents can be provided to the bankruptcy court, if necessary, under any necessary or appropriate protective order.

3

preserve the availability of coverage for Cheswick and its bankruptcy estate for the other pending claims potentially covered by such policy.

12. On January 15, 2025, this Court established a deadline of February 28, 2025, for all entities to file requests for allowance of administrative expense priority claims based on claims against any Debtor that accrued on or after the Petition Date and prior to January 15, 2025, and remain unpaid.

13. Accordingly, concurrently with the filing of this application and using the form provided by the Debtors' noticing agent, Ascot uploaded its administrative expense proof of claim and addendum thereto for the O'Donnell Claim Settlement Amount on the claims agent's website.

14. Additionally, in an abundance of caution, Ascot submits this application for allowance and payment of its administrative expense priority claim for the O'Donnell Claim Settlement Amount.

### Argument

15. "The main purpose behind granting administrative expense status to certain expenses of a debtor is to induce creditors and landlords to continue doing business with the debtor or to enter into new loans or contracts." *In re Southern Soya Co.*, 251 B.R. 302, 308 (Bankr. D. S.C. 2000). "In order to effectuate a successful reorganization, third parties must be willing to furnish post-petition goods or services on credit." *In re Coastal Carriers Co.*, 128 B.R. 400, 403 (Bankr. D. Md. 1991). To encourage third parties and creditors to continue to do business with the debtor-in-possession, the Bankruptcy Code allows the granting of claims entitled to administrative priority for services provided postpetition. *See* 11 U.S.C. § 503. Section 503(b)(1)(A) permits administrative expense claims for "the actual, necessary costs and expenses of preserving the estate."

16. For a claim to be granted administrative priority under 11 U.S.C. § 503(b)(1)(A), it generally must meet a two-prong test. First, the claim "must arise out of a postpetition transaction . . . in the ordinary course of [the debtor's] business . . . and for good cause." *In re Merry-Go-Round Enterprises, Inc.*, 180 F.3d 149, 157 (4th Cir. 1999). Second, the claim must be a necessary cost of preserving the estate. *Id; see also In re Stewart Foods, Inc.*, 64 F.3d 141, 145 n. 2 (4th Cir. 1995) (noting that "the consideration supporting the claimant's right to payment must be supplied to and beneficial to the debtor-in-possession in the operation of the business.").

17. An exception to the second prong exists, however, where the debtor-in-possession breaches a duty to a third party within the scope of its authority under the Bankruptcy Code. *See, e.g., In re Kadjevich*, 220 F.3d 1016, 1019 (9th Cir. 2000) ("In addition to those kinds of 'standard' administrative expenses, tort claims based on a trustee's post-petition negligence are granted administrative-expense priority."); *In re Theatre Row Phase II Assocs.*, 385 B.R. 511, 521 (Bankr. S.D.N.Y. 2008) ("It has been established since the Supreme Court's decision in *Reading v. Brown* [291 U.S. 471 (1968) (under the Bankruptcy Act)] that administration expenses can also be allowed for acts done in the administration of the estate that do not benefit the estate but which harm non-debtors.").

18. Not only is Cheswick's payment of the Settlement Amount necessary to meet its postpetition contractual obligations to Ascot, but also such payment preserves the availability of coverage for Cheswick and its bankruptcy estate for the other pending claims potentially covered by such policy. Thus, payment of the Settlement Amount benefits the estate by assuring that coverage – defense and indemnity – will be available to the Debtors and tort claimants where coverage is potentially available under the Ascot Insurance Program. And even if payment of the Settlement Amount were viewed in isolation (which it should not be in evaluating the benefit to

the estate of the Ascot Insurance Program overall), treatment of the Settlement Amount as an administrative expense priority claim is warranted by *Reading* and its progeny.

19.     Accordingly, Ascot is entitled to entry of an order authorizing and directing payment in full of its administrative expense priority claim for the Settlement Amount.[3]

WHEREFORE, Ascot respectfully requests entry of an order authorizing and directing prompt payment in full of its administrative expense priority claim for the O'Donnell Claim Settlement Amount; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  February 28, 2025

TUCKER ARENSBERG, P.C.

*/s/ Maribeth Thomas*
Maribeth Thomas, Esquire
PA ID No. 208376
1500 One PPG Place
Pittsburgh, PA  15222
(412) 566-1212
mthomas@tuckerlaw.com

-and-

David Christian (pro hac vice forthcoming)
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison St., Suite 2300
Chicago, IL  60602
(312) 282-5282
dchristian@dca.law

*ATTORNEYS FOR SYNDICATE ASC. 1414 LLOYD'S OF LONDON*

---

[3]     Ascot continues to reserve all of its rights with respect to the Ascot Insurance Program and its other claims as set forth in greater detail in Ascot's pending proofs of claim.