UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>SOUTH HILLS OPERATIONS, LLC, et al.,<br><br>Debtors | Case No.: 24-21217-CMB<br><br>Chapter 11<br>*Jointly Administered* |
| JAMES SCHMIDT, Administrator for the ESTATE OF GLORIA SCHMIDT, deceased<br><br>v.<br><br>MURRYSVILLE OPERATIONS, LLC, et al;<br><br>Debtor. | **MOTION FOR RELIEF FROM AUTOMATIC STAY BY JAMES SCHMIDT, AS ADMINISTRATOR FOR THE ESTATE OF GLORIA SCHMIDT DECEASED**<br><br>Hearing Date and Time:<br>August 12, 2025, at 2:30PM |

**MOTION FOR RELIEF FROM AUTOMATIC STAY BY JAMES SCHMIDT, AS ADMINISTRATOR OF THE ESTATE OF GLORIS SCHMIDT, DECEASED**

NOW COMES, James Schmidt, Administrator for the Estate of Gloria Schmidt, deceased, by and through undersigned counsel, and respectfully moves this Honorable Court for an Order granting relief from the Automatic Stay provisions of 11 U.S.C. §362, and in support thereof, avers the following:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

1. Decedent, Gloria Schmidt, was a resident of Murrysville Rehabilitation and Wellness Center from January 26, 2024 through approximately May 4, 2024.

2. During her residency, Gloria Schmidt sustained injuries including falls resulting in a left hip fracture and a head injury, a Stage III pressure ulcer of the coccyx, poor hygiene, and severe pain.

3. Movant, James Schmidt, Administrator for the Estate of Gloria Schmidt, deceased, seeks to initiate a civil action against Murrysville Operations, LLC d/b/a Murrysville Rehabilitation and Wellness Center, et al., by way of filing a Writ of Summons and pre-complaint

discovery in the Court of Common Pleas of Allegheny County, Pennsylvania (hereinafter the "State Court Case").

4. On May 17, 2024, Mt. Lebanon Operations, LLC d/b/a Mt. Lebanon Rehabilitation and Wellness Center filed a voluntary bankruptcy petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Pennsylvania.

5. Pursuant to the provisions of 11 U.S.C. §362, all persons are enjoined and stayed from commencing or continuing any suit against Debtors.

6. Movant was notified of Debtor's filing under Chapter 11 of the Bankruptcy Code by a Suggestion of Bankruptcy served upon the undersigned on May 29, 2024.

7. Upon information and belief, at all times material and pertinent hereto, Debtors were covered by an insurance policy that was equal to or greater than the amount required by the Medical Care Availability and Reduction of Error (MCARE) Act, which is $500,000.

8. The Debtor, as a skilled nursing home, also receives an additional $500,000 as part of its insurance policy from the Commonwealth of Pennsylvania's MCARE Fund.

9. Upon information and belief, the uncontested policy limits of Debtor's insurance policy coupled with the MCARE Fund are sufficient to compensate Movant for the injuries and damages he will claim in the State Court Case.

10. In the event Movant obtains a verdict in excess of the policy limits and MCARE Fund, Movant agrees not to execute on the judgement or initiate any enforcement efforts.

11. As such, Movant seeks relief from the automatic stay so as to enable him to file a Writ of Summons and serve pre-complaint discovery to move forward in the State Court Case.

## II.    ARGUMENT

12.    Pursuant to 11 U.S.C. §362(a), a petition filed under the Bankruptcy Code operates as a stay of, *inter alia*, "the commencement or continuation, including the issuance or employment of process, or a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

13.    However, 11 U.S.C. §362(d) provides, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest."

14.    Such cause for relief from the automatic stay has been found to exist where the Debtor is covered by an insurance policy that is sufficient to cover the movant's damages, and the movant agrees to limit his recovery to the uncontested policy limits. See e.g. Matter of Fernstrom Storage & Van Co., 938 F.2d 731, 733 (7th Cir. 1991) (granting relief from stay where movant only sought to recover proceeds from debtor's insurance policy); Matter of Holtkamp, 669 F.2d 505, 509 (7th Cir. 1982) (allowing personal injury action to proceed despite stay where debtor's insurance company had "assumed full financial responsibility for defending that litigation."); Foust v. Munson S.S. Lines, 299 U.S. 77, 87, 57 S. Ct. 90, 95, 81 L. Ed. 49 (1936) (allowing wrongful death action to proceed despite stay; plaintiff "entitled to maintain an action against the insurer for the amount of his judgment but not exceeding the amount of insurer's liability to the debtor under the policy."); In re Jet Fla. Sys., Inc., 883 F.2d 970, 976 (11th Cir. 1989) (defamation case permitted to proceed despite stay where plaintiff agreed to limit recovery to insurance policy limits).

3

15. "[I]t makes no sense to allow an insurer to escape coverage for injuries caused by its insured merely because the insured receives a bankruptcy discharge. "The 'fresh-start' policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured." Matter of Edgeworth, 993 F.2d 51, 54 (5th Cir. 1993).

16. "[T]he insurance company should not be entitled to gain a benefit that was not intended or in any way computed within the rate charged for its policy." In re Mann, 58 B.R. 956, 957 (Bankr.W.D.Va. 1985). "Were we not to permit the state court action to proceed, the insurance company would in effect escape potential liability and be unjustly enriched. Id.

17. While there is a dearth of Third Circuit precedent on granting relief from a stay to a Movant who agrees to limit his recovery to Debtor's insurance policy, the Third Circuit has joined the majority of jurisdictions in holding that the proceeds of insurance policies are not property of the bankruptcy estate unless the Debtor has a right to collect them to satisfy creditors of the bankruptcy estate. See First Fid. Bank v. McAteer, 985 F.2d 114, 118 (3d Cir. 1993).

18. In McAteer, the Third Circuit reasoned, "the protection from liability afforded the debtor under the Code does not affect the liability of the debtor's insurers. Courts, relying on 11 U.S.C. §524(e), have allowed claimants to proceed with tort claims against the debtor for the purpose of collecting from the debtor's liability insurer. Thus, the creditor remains free to collect the full amount of the original obligation from any non-debtor party such as a guarantor or insurer." 985 F.2d at 118.

19. The Third Circuit's reasoning in McAteer is instructive here, where Movant has agreed to limit his recovery in the State Court Case to the uncontested policy limits of Debtor's insurance policy and the Commonwealth's MCARE Fund. These proceeds are not available to Debtor to satisfy creditors and are therefore not property of the bankruptcy estate.

4

20. Finally, relief from stay was granted by this Court in the case of <u>In re Pompelia</u>, 560 B.R. 422, 425 (Bankr. W.D. Pa. 2016). There, this Court penned a thorough analysis of the relationship of insurance proceeds to bankruptcy proceedings in the context of a state Dram Shop case to recover insurance proceeds.

21. In <u>Pompelia</u>, after relief from stay was granted, the Debtor's insurance carrier filed an adversary proceeding to determine that it had no obligation to defend or indemnify the claims. <u>Id</u>. This Court, in dismissing the insurance carrier's action, held that the insurance proceeds were not property of the bankruptcy estate, and that it lacked jurisdiction to make a coverage determination because it "cannot conceivably affect this bankruptcy case." <u>Id</u>.

22. In light of the above, Movant believes and therefore avers that cause exists under 11 U.S.C. §362(d) to grant relief from stay because: (1) Debtor is covered by an insurance policy and the Commonwealth of Pennsylvania's MCARE Fund which are sufficient to cover Debtor's injuries and damages in the State Court Case; (2) the proceeds of Debtor's insurance policy and the MCARE Fund are not property of the bankruptcy estate, and are not available to the Debtor to satisfy its creditors other than Movant; and (3) Movant has agreed to limit his recovery in the State Court Case to the combined limits of Debtor's insurance policy and the MCARE Fund.

23. Accordingly, Movant seeks relief from the Automatic Stay under 11 U.S.C. §362(d) to pursue his claims against Debtor.

WHEREFORE, Movant respectfully requests that this Honorable Court GRANT the within Motion and enter the attached Order modifying the Automatic Stay under 11 U.S.C. §362 to allow Movant to proceed with filing a Writ of Summons and service of pre-complaint discovery in the State Court Case in the Allegheny County Court of Common Pleas.

                              Respectfully Submitted:

                              SENIOR JUSTICE LAW FIRM

Dated: July 2, 2025        BY:    /s/ Ryan J. Duty
                                              Ryan J. Duty, Esq.
                                              PA.I.D.No. 309685
                                              Senior Justice Law Firm
                                              100 Fifth Ave. Ste. 409
                                              Pittsburgh, PA 15222
                                              412-547-3279
                                              ryan@seniorjustice.com

UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>SOUTH HILLS OPERATIONS, LLC, et al.,<br><br>Debtors | Case No.: 24-21217-CMB<br><br>Chapter 11<br>*Jointly Administered* |
| JAMES SCHMIDT, Administrator for the ESTATE OF GLORIA SCHMIDT, deceased<br><br>v.<br><br>MURRYSVILLE OPERATIONS, LLC, et al;<br><br>Debtor. | **MOTION FOR RELIEF FROM AUTOMATIC STAY BY JAMES SCHMIDT, AS ADMINISTRATOR FOR THE ESTATE OF GLORIA SCHMIDT DECEASED**<br><br>Hearing Date and Time:<br>August 12, 2025, at 2:30PM |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed via the Court's CM/ECF system on this 2nd day of July 2025, and that a Notice of Electronic Filing ("NEF") was generated pursuant to W.Pa.LBR 5005-8, and is available for download by all counsel of record.

Respectfully Submitted:

SENIOR JUSTICE LAW FIRM

BY:   /s/ Ryan J. Duty
Ryan J. Duty, Esq.
PA.I.D.No. 309685
Senior Justice Law Firm
100 Fifth Ave. Ste. 409
Pittsburgh, PA 15222
412-547-3279
ryan@seniorjustice.com