**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>SOUTH HILLS OPERATIONS, LLC, *et al.*,[1]<br><br>Debtors. | Bankruptcy No. 24-21217-CMB<br><br>Chapter 11<br><br>(Jointly Administrated) |
| ROBERT S. BERNSTEIN, Liquidating Trustee of SOUTH HILLS OPERATIONS, LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL A. HALPER, *et al.*,<br><br>Defendants. | Adversary Pro. No. 26-02061-CMB |

**MOTION FOR RELIEF FROM STAY TO ALLOW PROFESSIONAL SOLUTIONS INSURANCE COMPANY TO PAY DEFENSE EXPENSES OF INSURED PERSONS IN RESPONSE TO ADVERSARY PROCEEDING NO. 26-02061-CMB**

COME NOW, Samuel Halper, David Gast, Ephram Lahasky, and Joshua Farkovits, by and through their attorneys, and hereby file a Motion for Relief from Stay to allow

[1] The Debtors in these Chapter 11 cases are: South Hills Operations, LLC; Monroeville Operations, LLC; Mt. Lebanon Operations, LLC; Murrysville Operations, LLC; Cheswick Rehabilitation and Wellness Center, LLC; 3876 Saxonburg Boulevard Propco, LLC; North Strabane Rehabilitation and Wellness Center, LLC; 100 Tandem Village Road Propco, LLC; Maybrook-C Briarcliff Opco, LLC; Maybrook-C Briarcliff Propco, LLC; Maybrook-C Evergreen Opco, LLC; Maybrook-C Evergreen Propco, LLC; Maybrook-C Kade Opco, LLC; Maybrook-C Kade Propco, LLC; Maybrook-C Latrobe Opco, LLC; Maybrook-C Latrobe Propco, LLC; Maybrook-C Overlook Opco, LLC; Maybrook-C Overlook Propco, LLC; Maybrook-C Silver Oaks Opco, LLC; Maybrook-C Silver Oaks Propco, LLC; Maybrook-C Whitecliff Opco, LLC; Maybrook-C Whitecliff Propco, LLC (collectively, the "Debtors").

Professional Solutions Insurance Company ("PSIC") to pay Defense Expenses of insured persons in response to Adversary Proceeding No. 26-02061-CMB (the "Motion"), and respectfully state as follows:

## I. JURISDICTION

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334 and this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (G).

2. The statutory predicate for the relief sought in the Motion is 11 U.S.C. § 362(d).

## II. BACKGROUND

3. On May 17, 2024 ("Petition Date"), the above-captioned ("Debtors") filed voluntary petitions before this Court for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code"), at Case No. 24-21217-CMB.

4. On June 13, 2025, the Official Committee of Unsecured Creditors (the "Committee") filed its Combined Plan and Disclosure Statement of Liquidation of South Hills Operations, LLC, *et al*. under Chapter 11 of the Bankruptcy Code (the "Combined Plan"). *See* Doc. No. 1473.

5. On August 18, 2025, the Committee filed its Supplement/Addendum (the "Supplement") to the Combined Plan, which included the Liquidating Trust Agreement (the "Trust Agreement"). *See* Doc. No. 1565.

6. On August 20, 2025, the Court entered an order confirming the Combined Plan (as modified by the Supplement) (the "Confirmation Order") and approved the appointment of Robert S. Bernstein as the Liquidating Trustee of the South Hills Operations, LLC, *et al.* Liquidating Trust. *See* Doc. No. 1572, ¶ 14.

7. On February 25, 2026, the Liquidating Trustee sent a demand letter (the "Demand Letter") to Samuel Halper, David Gast, Ephram Lahasky, and Joshua Farkovits in their capacities as former directors, officers, managers, and/or executives of the Debtors.

8. On May 14, 2026, the Liquidating Trustee filed Adversary Pro. No. 26-02061-CMB (the "Adversary Proceeding") in this Court against Samuel Halper, David Gast, Ephram Lahasky, and Joshua Farkovits in their capacities as former directors, officers, managers, and/or executives of the Debtors in the context of these bankruptcy proceedings.

9. The Demand Letter and Adversary Proceeding were submitted on behalf of Samuel Halper, David Gast, Ephram Lahasky and Joshua Farkovits as a Claim under certain insurance policies issued by PSIC to the following seven (7) Debtors: Maybrook-C Briarcliff Opco, LLC; Maybrook-C Kade Opco, LLC; Maybrook-C Latrobe Opco, LLC; Maybrook-C Overlook Opco, LLC; Maybrook-C Silver Oaks Opco, LLC; Maybrook-C Whitecliff Opco, LLC; and Maybrook-C Evergreen Opco, LLC (collectively, the "Maybrook-C Opco Debtors").

10. Samuel Halper is a past director, officer, manager, and/or executive of certain Maybrook-C Opco Debtors.

11. David Gast is a past director, officer, manager, and/or executive of certain Maybrook-C Opco Debtors.

12. Ephram Lahasky is a past director, officer, manager, and/or executive of certain Maybrook-C Opco Debtors.

13. Joshua Farkovits is a past manager, of the Maybrook-C Opco Debtors.

14. PSIC has agreed to defend Samuel Halper, David Gast, Ephram Lahasky and Joshua Farkovits as Insured Persons under certain insurance policies issued to the Maybrook-C

Opco Debtors, subject to a reservation of rights. In light of these Ch. 11 bankruptcy proceedings, PSIC has determined it requires an order from this Court (in substantially the form filed simultaneously herewith as the "Proposed Order") granting relief from any stay to allow PSIC to use proceeds of the insurance policies (as further identified below) to pay for such defense, subject to its ongoing reservation of rights.

**III. The Policies**

15. Prior to the Petition Date, PSIC issued the following seven (7) Private Company Management Liability Policies to the Maybrook-C Opco Debtors for the period February 1, 2024 to February 1, 2025: (1) Policy no. IG249DMLA241 issued to Maybrook-C Briarcliff Opco, LLC; (2) Policy no. IG242DMLA241 issued to Maybrook-C Kade Opco, LLC; (3) Policy no. IG252DMLA241 issued to Maybrook-C Latrobe Opco, LLC; (4) Policy no. IG243DMLA241 issued to Maybrook-C Overlook Opco, LLC; (5) Policy no. IG247DMLA241 issued to Maybrook-C Silver Oaks Opco, LLC; (6) Policy no. IG256DMLA241 issued to Maybrook-C Whitecliff Opco, LLC; and (7) Policy no. IG231DMLA241 issued to Maybrook-C Evergreen Opco, LLC (collectively, the "Policies"). Each Maybrook-C Opco Debtor is identified as the Named Insured and insured Organization on the Policy issued directly to it. True and correct copies of each Policy are attached and incorporated herein as Exhibits "1-7".

16. The Policies each include a Directors and Officers Liability ("D&O") Coverage Section. Insuring Agreement I.A of the D&O Coverage Section provides that PSIC shall pay on behalf of the Insured Persons "all Loss for which they are not indemnified by the Organization and which the Insured Persons become legally obligated to pay on account of any Claim first made against them during the Policy Period… for a Wrongful Act," with

Wrongful Act defined as including "any actual or alleged error, misstatement, misleading statement, neglect, breach of duty, omission or act by the Insured Persons… in their capacity as such." Exhibit 1, pp. 20, 27.

17. The Policies define Insured Persons as including an Executive, which includes "with respect to any Organization the natural persons who were, now are or shall become duly elected or appointed director (including a de facto director or shadow director), officer, trustee, trustee emeritus, executive director, member of the Board of Managers, duly constituted committee member, member of an advisory board, in-house general counsel or risk manager or the functional equivalent of any of the foregoing positions." *See* Exhibit 1, pp. 7, 24.

18. Samuel Halper, David Gast, Ephram Lahasky, and Joshua Farkovits (hereinafter referred to as the "Insured Persons") constitute Insured Persons under the D&O Coverage Section of the Policies in their capacities as Executives of the Maybrook-C Opco Debtors. PSIC has acknowledged these individuals' status as Insured Persons under the Policies in these capacities, subject to a reservation of rights.

19. Pursuant to the Policies, PSIC has the right and duty to defend any Claim against the Insured Persons covered by the D&O Coverage Section, the right to select and appoint counsel to defend against such Claims, and the obligation to pay covered Defense Expenses for the Insured Persons as Loss under the Policies, with such payments reducing applicable Limits of Liability. *See* Exhibit 1, pp. 20, 25, 34.

20. The Policies define Defense Expenses as including "reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) and expenses incurred in defending any Claim, including the cost of E-Discovery Consultant Services, and the

premium for appeal, attachment or similar bonds," but not "any remuneration, salaries, wages, fees, overhead or benefit expenses of any Insured." *See* Exhibit 1, p. 6.

21. As the Maybrook-C Opco Debtors have filed for Ch. 11 bankruptcy protection, they are deemed to be in Financial Impairment under the Policies, which triggers Side A coverage for the Insured Persons under Insuring Agreement I.A. of the D&O Coverage Section. *See* Exhibit 1, pp. 7, 20.

22. The Policies also include a Payment of Loss provision, which is relevant to priority of payments. It provides that in the event payment of Loss is due and owing under the Policies, PSIC shall pay such Loss (including Defense Expenses) in the following priority: "First, [PSIC] shall pay such Loss which is non indemnifiable incurred by Insured Persons." *See* Exhibit 1, p. 17.

23. The Policies further include a Bankruptcy provision, which provides the "[b]ankruptcy or insolvency of any Insured or of the estate of any Insured shall not relieve the Underwriter of its obligations nor deprive the Insured of its rights or defenses under this Policy." *See* Exhibit 1, p. 18.

24. In response to the Demand Letter and Adversary Proceeding, PSIC assigned Lewis Brisbois Bisgaard & Smith LLP as defense counsel for Insured Persons Samuel Halper, David Gast, and Ephram Lahasky.

25. In response to the Demand Letter and Adversary Proceeding, PSIC assigned Freeman Mathis & Gary, LLP as defense counsel for Insured Person Joshua Farkovits.

## IV. RELIEF REQUESTED

26. PSIC requires, and the Insured Persons respectfully request, an order from this Court permitting PSIC to pay reasonable covered Defense Expenses incurred by the Insured

Persons in defending against the Demand Letter and Adversary Proceeding, and to take actions related thereto such as paying a covered settlement amount, if any, in accordance with and subject to all terms and conditions of the Policies, PSIC's reservation of rights, and applicable law. The Insured Persons request this relief on the basis that the proceeds of the Policies do not constitute property of the Maybrook-C Opco Debtors' bankruptcy estates to the extent they provide Side A coverage to the Insured Persons under Insuring Agreement I.A., and as the Insured Persons have a contractual right to coverage and priority of payment under the Policies.

## V. BASIS FOR RELIEF REQUESTED

### A. The Policies' Proceeds Are Not Property of the Estate

27. While a debtor's insurance policy is generally property of the debtor's bankruptcy estate, *see* 11 U.S.C. § 541(a), when a policy provides direct coverage to directors and officers, the proceeds are not property of the estate. *See In Re Valley Forge Composite Techs., Inc.*, 2015 WL 9412742, at *1 (Bankr. M.D. Pa. Dec. 21, 2015) ("proceeds payable to non-debtors are not property of the estate"; "policy proceeds payable to the directors and officers are not part of the debtor's estate"); *First Fid. Bank v. McAteer*, 985 F.2d 114, 118 (3d Cir. 1993).

28. "Notwithstanding Congress' intention to bring anything of value that the debtors have into the estate" via 11 U.S.C. § 541(a), the statute "was not intended to expand debtor's rights against others more than they exist at the commencement of the case." *In re Majestic Star Casino, LLC,* 716 F.3d 736, 759 (3d Cir. 2013) (*citing In re Prudential Lines Inc.*, 928 F.2d 565, 569 (2d Cir. 1991) (internal quotation marks omitted).

29. Pursuant to the Policies, the coverage provided to the Insured Persons under Insuring Agreement I.A. has priority over any other coverage provided to the Maybrook-C Opco Debtors. *See* Exhibit 1, p. 17. Further, in accordance with and subject to all terms and conditions of the Policies, including Insuring Agreement I.A., PSIC must pay on behalf of the Insured Persons all covered Defense Expenses incurred on account of a covered Claim made against them for Wrongful Acts committed in their capacity as Executives of the Maybrook-C Opco Debtors. *See* Exhibit 1, pp. 7, 20, 24, 27. The Side A proceeds of the Policies are, thus, available to be released to the Insured Persons, and not to the Maybrook-C Opco Debtors as part of the bankruptcy estate.

30. To disregard the terms of the Policies and hold that all proceeds of the Policies are property of the Maybrook-C Opco Debtors' estates would improperly expand the Debtors' rights under the Policies. *See, e.g., In Re Valley Forge Composite Techs., Inc.,* 2015 WL 9412742, at *1 (Bankr. M.D. Pa. Dec. 21, 2015) (finding liability proceeds payable to directors and officers are not part of the debtor's estate, and that the insured D&Os' attempt to obtain payment of their defense costs was not an attempt to obtain possession of property of the estate); *see also In re SVB Fin. Grp.,* 650 B.R. 790, 800 (Bankr. S.D.N.Y. 2023) ("The Directors' and Officers' use of the funds will not interfere with the bankruptcy estate, as even if the Debtor eventually seeks coverage under the [ ] Policies, the Debtor is last in line for the insurance proceeds."); *In re MF Glob. Holdings Ltd.,* 515 B.R. 193, 203-04 (Bankr. S.D.N.Y. 2014) ("Even if [debtors] had a contractual claim to the D&O Proceeds, that claim would be subject to the D&O Policies' priority of payment provision.").

31. Accordingly, for reasons set forth above, the Policies' Side A proceeds payable under Insuring Agreement I.A. are not property of the Maybrook-C Opco Debtors' bankruptcy

estates and the Insured Persons are entitled to access to those proceeds for payment of their Defense Expenses in response to the Demand Letter and Adversary Proceeding.

**B. Samuel Halper, David Gast, Ephram Lahasky, and Joshua Farkovits have a Contractual Right to Coverage and Payment of Reasonable Defense Expense Under the Policies**

32. As Executives of the Maybrook-C Opco Debtors and Insured Persons under the Policies, the Insured Persons assert that they are entitled to insurance coverage under the Policies including, but not limited to, coverage for reasonable costs, charges, fees, and expenses incurred in defending against the Demand Letter and Adversary Proceeding, subject to all terms and conditions of the Policies and applicable law.

33. Accordingly, to the extent the Insured Persons are entitled to coverage under the Policies for the Demand Letter and Adversary Proceeding (as previously agreed to by PSIC, subject to a reservation of rights), the Insured Persons have a contractual right to payment of their reasonable Defense Expenses under the Policies, subject to all terms and conditions of the Policies and applicable law. *See, e.g., In Re Valley Forge Composite Techs., Inc.*, 2015 WL 9412742, at *1 (Bankr. M.D. Pa. Dec. 21, 2015) (*citing In re Louisiana World Exposition, Inc.,* 832 F.2d 1391, 1401 (5th Cir.1987)).

34. Further, it is well established that courts cannot alter terms of contracts, including insurance policies, and must enforce them as written. *See, e.g., Am. Auto. Ins. Co. v. Murray*, 658 F.3d 311, 321 (3d Cir. 2011) (under Pennsylvania law, "[w]here the language of an insurance policy is clear and unambiguous, a court must enforce that language); *In re Greenly*, 481 B.R. 299, 308 (Bankr. E.D. Pa. 2012) ("an unambiguous written contract must be strictly enforced according to the plain meaning of its express terms").

35. Additionally, the Bankruptcy provisions of the Policies provide that the bankruptcy of the Maybrook-C Opco Debtors does not relieve PSIC of its obligations under the Policies and does not deprive the Insured Persons of their rights under the Policies, including with regard to Side A coverage under Insuring Agreement I.A. *See,* Exhibit 1, p. 18.

WHEREFORE, the Insured Persons respectfully request that this Court enter the Proposed Order (a) granting this Motion, (b) authorizing PSIC to pay the Insured Persons' reasonable and necessary Defense Expenses in response to the Demand Letter and Adversary Proceeding and take actions related thereto in accordance with the terms and conditions of the Policies and applicable law, and (c) granting such other and further relief as the Court deems appropriate.

Date: August 21, 2026

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Attorneys for Samuel A. Halper, Ephram "Mordy" Lahasky, and David Gast*

By: */s/ SEAN P. SHECTER*
Sean P. Shecter (*admitted pro hac vice*)
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Phone: 954.939.3364
Email: Sean.Shecter@LewisBrisbois.com

Mary A. Smigelski (*admitted pro hac vice*)
550 W Adams Street Suite 300
Chicago, IL 60661
Phone: 312.345.1718
Email:Mary.Smigelski@LewisBrisbois.com

Raychelle Tasher (*admitted pro hac vice*)
2 Alhambra Plaza, Suite 1100
Coral Gables, FL 33134
Telephone: 786.477.5297

Email:Raychelle.Tasher@LewisBrisbois.com

Rebecca Wiley (*admitted pro hac vice*)
2112 Pennsylvania Ave, NW Suite 500
Washington, D.C., 20037
Phone: 202.558.0655
Email: Rebecca.Wiley@LewisBrisbois.com

Paul A. Roman (PA I.D. 31885)
1 PPG Pl, Floor 28
Pittsburgh, PA 15222
Phone: 412.752.7254
Email: Paul.Roman@LewisBrisbois.com

**FREEMAN MATHIS & GARY LLP**
*Attorneys for Joshua Farkovits*

By: */s/ Harminda M. Morales*
Harminda M. Morales
1600 Market St, Suite 2700
Philadelphia, PA 19103
Phone: 267.499.3360
Email: Harminda.Morales@fmglaw.com